## Ex parte SARACENO.

(Circuit Court, S. D. New York. November 12, 1910.)

1. ALIENS (§ 54*)—DEPORTATION—IMMIGRATION OFFICERS—JURISDICTION.

The authority of the board of special inquiry and the Secretary of Commerce and Labor on appeal in immigration proceedings to order the deportation of alien immigrants is confined to such aliens as come within the classes excluded by Immigration Act March 3, 1891, c. 551, § 2, 26 Stat. 1084 (U. S. Comp. St. 1901, p. 1295).

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 112; Dec. Dig. § 54.*]

2. HABEAS CORPUS (§ 92*)—IMMIGRATION—FINDINGS—REVIEW.

If there is any evidence, competent or otherwise, to sustain the findings of a board of special inquiry, and of the Secretary of Commerce and Labor in immigration proceedings, on which an alien applying to enter the United States is ordered deported, the court on a petition for habeas corpus, though of a different opinion, will not disturb the same.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 87–96; Dec. Dig. § 92.*]

3. ALIENS (§§ 47, 49*)—RIGHT TO ENTER—PERSON LIKELY TO BECOME A PUBLIC CHARGE—CONVICTION OF MISDEMEANOR INVOLVING TURPITUDE—EVIDENCE.

Petitioner, having immigrated to the United States in 1899, returned to Italy in January, 1909, and was followed about four months thereafter

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

by his wife and children. He remained there until September, 1910, when he returned to the United States alone. He was a barber by trade and had followed that occupation in New York during his residence there, was 29 years of age, and had $25 when he landed. He intended to go to his brother, and was not subject to any mental or physical disability. On his examination it was shown that he had been twice arrested during his former residence in New York, and on the second occasion was convicted of carrying a concealed weapon, and sentenced to imprisonment for 15 days; his offense being a misdemeanor under the New York law. *Held,* that petitioner was not a person likely to become a public charge, or a person convicted of an offense involving moral turpitude, and was not subject to deportation on either of such grounds.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 106, 107; Dec. Dig. §§ 47, 49.*]

In the matter of the application of Pasquale Saraceno for a writ of habeas corpus to obtain his discharge from custody under the deportation law. Writ granted, and alien discharged.

William Michael Byrne, for petitioner.

Henry A. Wise, U. S. Atty.

WARD, Circuit Judge. Pasquale Saraceno came to this country in the year 1899 from the town of Reggio in Calabria, Italy, right opposite Messina. He remained here until January, 1909, when he returned to Italy on account of the earthquake which occurred at Messina, to look up his relatives. His wife and three children followed him in about four months. September 27, 1910, he returned to this country alone and was detained for examination. A board of special inquiry held the next day brought out the facts that the alien has $25, is 29 years old, is going to his brother Frank Saraceno, is not subject to any mental or physical disability, is a barber by trade, and has followed that occupation in this city for years. It also appeared that he had been twice arrested, as he says on suspicion, being convicted on the second of these occasions October 23, 1907, of carrying a concealed weapon, viz., a revolver, and sentenced to imprisonment for 15 days. It is said that he tried to forfeit his bail, but, if so, he did not succeed.

Upon this state of facts, the finding of the board was as follows:

"It is the unanimous opinion of the board that this alien is likely to become a public charge for the following, among other reasons: He arrives here with a small amount of money, has a family in his native country dependent upon him for maintenance, and has no one here legally responsible for him in case of distress. According to his sworn statement, he has come in conflict with the police authorities of New York on at least two occasions, and admits having been convicted on a charge of carrying concealed. weapons as testified to by the detective who arrested him at that time. He is also excluded for the further reason of having been convicted of a crime, which in our judgment involves moral turpitude."

Upon appeal to the Secretary of Commerce and Labor the order of the board was affirmed.

The authority of the board and of the Secretary on appeal to order the deportation of alien immigrants is confined to such aliens as come within the classes excluded by section 2 of the immigration

law (Act March 3, 1891, c. 551, 26 Stat. 1084 [U. S. Comp. St. 1901, p. 1295]). They have no more authority to deport one not so included than they would have to deport a citizen. Gonzales v. Williams, 192 U. S. 1, 24 Sup. Ct. 177, 48 L. Ed. 317. This alien is ordered to be deported because he falls within the class of "persons likely to become a public charge" and of "persons who have been convicted of or admit having committed a felony or other crime or misdemeanor involving moral turpitude."

If there was any evidence competent or otherwise to sustain this finding, the court, though of a different opinion, should not disturb it. But it is impossible to avoid the conclusion that the real ground for the order is that the immigration authorities think the alien an undesirable citizen, which is a class not excluded by the immigration law. The proof, as we have seen, is that the alien is not without funds, is young, healthy, following the trade by which he has supported himself and his family for years in this country, and is going to his brother, who has lived here for years following the trade of tailor.

The fact that he was arrested four years ago for carrying a concealed weapon is no evidence whatever that he is likely to become a public charge. Nor does that offense involve moral turpitude. Section 1897 of the Penal Law of the State of New York (Consol. Laws, c. 40) provides, inter alia:

"Any person over the age of sixteen years who shall have or carry concealed upon his person in any city, village or town of this state any pistol, revolver or other firearm without a written license therefor theretofore issued to him by a police magistrate of such city or village or by a justice of the peace of such town or in such manner as may be prescribed by ordinance of such city, village or town, shall be guilty of a misdemeanor."

The right to keep or bear arms is secured by the second amendment to the Constitution from limitation by the United States, and it is only the carrying of concealed weapons which is prohibited by the state.

It cannot be held that an act licensed by the state of New York involves moral turpitude.

While the powers intrusted to the immigration authorities are very great and important and should not be restricted by the courts, it is easy to see that upon the reasoning of the board in this case almost any immigrant might be deported. The alien is discharged; but, if the respondent appeals within three days after notice of entry of order, the alien must give recognizance with surety in the sum of $250 conditioned to appear and answer the judgment of the appellate court in accordance with Supreme Court Rule 34 (6 Sup. Ct. III).