## MATTER OF GRANADOS

### In Deportation Proceedings

### A-14103418

*Decided by Board April 26, 1979*

(1) Section 212(c) of the Immigration and Nationality Act, 8 U.S.C. 1182(c), is ineffective to remove deportability under section 241(a)(14) of the Act, 8 U.S.C. 1251(a)(14), for conviction of possession of an unregistered sawed-off shotgun.

(2) Section 212(c) of the Act is not a general form of discretionary relief. It is confined to the grounds of inadmissibility enumerated therein.

(3) *Francis* v. *INS*, 532 F.2d 268 (2 Cir. 1976) expanded the class of aliens to whom section 212(c) relief is available but did not increase the statutory grounds to which section 212(c) relief may be applied.

(4) If a ground of deportation is also a ground of inadmissibility, section 212(c) can be invoked in a deportation hearing.

(5) Conviction for possession of a concealed sawed-off shotgun is not a specified section 212(a) ground of excludability.

(6) Conviction for possession of a concealed sawed-off shotgun is not a crime involving moral turpitude that would render the respondent excludable under section 212(a)(9) of the Act.

CHARGE:

Order:  Act of 1952—Section 241(a)(14) [8 U.S.C. 1251(a)(14)]—Convicted of possess-
ing a sawed-off shotgun

ON BEHALF OF RESPONDENT:                    ON BEHALF OF SERVICE:
  Jack Wasserman, Esquire                     George Indelicato
  1707 H Street, N.W.                          Appellate Trial Attorney
  Washington, D.C. 20006

                                             Kendall Warren
                                             Trial Attorney

  Attorney of record:
    Dan P. Danilov, Esquire
    3828 Seattle-First National
    Bank Building
    Seattle, Washington 98154

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

The respondent appeals from the June 12, 1978, decision by the immi-
gration judge denying his motion to reopen the deportation proceedings

in order to apply for relief from deportation under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. 1182(c). The appeal will be dismissed because we agree with the immigration judge's conclusion that section 212(c) of the Act is ineffective to remove the basis for the respondent's deportability.

The respondent is a native and citizen of Mexico who was admitted as a lawful permanent resident of the United States on August 28, 1965. On October 18, 1976, he was convicted in the United States District Court for the Eastern District of Washington for possession of an unregistered sawed-off shotgun in violation of 26 U.S.C. 5861(d), 5871. Consequently, he was found deportable on January 12, 1978, under section 241(a)(14) of the Act, 8 U.S.C. 1251(a)(14). On May 5, 1978, we dismissed an appeal from the deportability decision as untimely. He then submitted on May 20, 1978, a motion to reopen the deportation proceedings and a request for a stay of deportation which the immigration judge denied on June 12, 1978. We agree with the immigration judge that he had jurisdiction to entertain the motion to reopen. *Matter of Mladineo*, 14 I. & N. Dec. 591 (BIA 1974).

Section 212(c) of the Act provides that aliens lawfully admitted for permanent residence who temporarily proceed abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions of paragraphs (1) through (25) and paragraphs (30) and (31) of subsection (a) of section 212. That section was enacted in 1952 [1] to replace the seventh proviso to section 3 of the Immigration Act of 1917.[2] Twice we examined the newly enacted section and concluded that section 212(c), unlike the seventh proviso it replaced, was not a general form of discretionary relief but instead was confined to the grounds of inadmissibility enumerated therein. See *Matter of M-*, 5 I. & N. Dec. 642 (BIA 1954); *Matter of T-*, 5 I. & N. Dec. 389 (BIA 1953).

The scope of permissible discretion under section 212(c) was expanded by the decision of the United States Court of Appeals for the Second Circuit in *Francis* v. *INS*, 532 F.2d 268 (2 Cir. 1976). In *Francis*, the Second Circuit Court of Appeals held that the provisions of section 212(c) are applicable not only to permanent resident aliens who temporarily proceed abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, but that such provisions are also applicable to nondeparting permanent resident aliens. The rationale for the *Francis* decision was that to provide for section 212(c) relief to deportable aliens

---

[1] Act of June 27, 1952, 66 Stat. 163; 8 U.S.C. 1182(c).
[2] Act of February 5, 1917, 39 Stat. 878; ch. 29, §3.

returning from abroad but not for aliens similarly situated who had not departed from the United States would constitute an unconstitutional classification inconsistent with due process. 532 F.2d at 272-273. *Francis* expanded the class of aliens to whom section 212(c) relief is available but did not increase the statutory grounds to which section 212(c) relief may be applied.

In *Matter of Silva*, Interim Decision 2532 (BIA 1976), we adopted the holding of the *Francis* court and concluded that section 212(c) permits a waiver of a ground of inadmissibility to a permanent resident alien in a deportation proceeding regardless of whether he departs the United States following the act or acts which render him deportable. Therefore, if a ground of deportation is also a ground of inadmissibility, section 212(c) can be invoked in a deportation hearing. Cf. *Matter of Hom*, Interim Decision 2557 (BIA 1977); *Matter of Tanori*, Interim Decision 2467 (BIA 1976).[3]

In the present case, however, the respondent seeks the expansion of section 212(c) relief to a ground of deportation which is not a ground of excludability listed under section 212(a) of the Act. Conviction for possession of a concealed sawed-off shotgun is not a specified section 212(a) ground of excludability, nor a crime involving moral turpitude that would render the respondent excludable under section 212(a)(9) of the Act. See *U.S. ex. rel. Andreacchi v. Curran*, 38 F.2d 498 (S.D.N.Y. 1926); *Ex parte Saraceno*, 182 F. 955 (S.D.N.Y. 1910).

We do not reach the respondent's contention that his conviction constitutes a ground of excludability because if deported he would thereafter be immediately excludable.[4] He would be excludable under section 212(a)(17) of the Act because of his deportation, not because of the underlying conviction. However, assuming for the purpose of discussion that the conviction for shotgun possession constitutes some sort of exclusion ground per se, under section 212(a) generally, it is not within the ambit of section 212(c). To adopt the respondent's reasoning would make section 212(c) relief available for all grounds of deportability including the subversive grounds, section 212(a)(27) to (29) of the Act, which were specifically precluded from section 212(c) relief. We see nothing in the plain language or the legislative history of section 212(c)

---

[3] We reject the respondent's contention that the concurring opinion's reference to section 212(c) as a full deportation relief meant that the section was available as relief for all deportation grounds. We read that sentence as stating that as a result of the *Francis* and *Silva* cases section 212(c) is a full deportation relief as to the grounds set forth in section 212(c).

[4] We are aware that the law prior to the 1952 Immigration and Nationality Act was construed as containing implied exclusion grounds derived from express deportation grounds. See *Matter of V–*, 1 I. & N. Dec. 293 (BIA 1942). However, no such interpretation has been applied under the 1952 Act.

justifying extending such administrative relief beyond the grounds listed under that section. See S. Rep. No. 1137, 82d Cong., 2d Sess. (1952); H.R. Rep. No. 1365, 82d Cong., 2d Sess. (1952); U.S. Code Cong. & Adm. News 1952, pp. 1653, 1705.

Therefore, we conclude that the respondent's conviction for possession of an unregistered sawed-off shotgun does not come within the grounds of excludability which are subject to a section 212(c) waiver. Since the respondent's counsel has conceded at oral argument that his other contentions, unrelated to section 212(c), are without merit, there are no other issues left before us and the appeal will be dismissed.

ORDER: The appeal is dismissed.