# MATTER OF MONTENEGRO

## In Deportation Proceedings

### A-24937958

### *Decided by Board November 18, 1992*

(1) Section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (Supp. III 1991), is ineffective to remove deportability under section 241(a)(2)(C) of the Act, 8 U.S.C. § 1251(a)(2)(C) (Supp. III 1991), for conviction of a firearms violation, even where the firearms violation is also a crime involving moral turpitude within the scope of section 212(a)(2)(A)(i)(I) of the Act. *Matter of Hernandez-Casillas,* 20 I&N Dec. 262 (BIA 1990; A.G. 1991), *aff'd,* 983 F.2d 231 (5th Cir. 1993); and *Matter of Granados,* 16 I&N Dec. 726 (BIA 1979), *aff'd,* 624 F.2d 191 (9th Cir. 1980), followed.

(2) *Matter of Meza,* 20 I&N Dec. 257 (BIA 1991), is limited to the question of eligibility for section 212(c) relief in the case of a conviction for a drug-trafficking aggravated felony and is based on the specific amendment to section 212(c) regarding aggravated felonies; it does not alter the general rule represented in *Matter of Wadud,* 19 I&N Dec. 182 (BIA 1984), and *Matter of Granados, supra,* and reaffirmed in *Matter of Hernandez-Casillas, supra,* that section 212(c) relief is available in deportation proceedings only to those aliens who have been found deportable under a ground of deportability for which there is a comparable ground of excludability.

CHARGE:

Order: Act of 1952—Sec. 241(a)(2)(C) [8 U.S.C. § 1251(a)(2)(C)]—Convicted of firearms violation

ON BEHALF OF RESPONDENT:
Alma Rosa Nieto, Esquire
520 South Lafayette Park Place
Suite 204
Los Angeles, California 90057

ON BEHALF OF SERVICE:
Jo Ann McLane
General Attorney

BY: Milhollan, Chairman; Dunne, Morris, and Vacca, Board Members. Concurring Opinion: Heilman, Board Member.

In a superseding order dated March 30, 1992, the immigration judge found the respondent deportable as charged under section 241(a)(2)(C) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2)(C) (Supp. III 1991), for conviction of a firearms violation. The immigration judge further determined that the respondent was ineligible for a waiver of inadmissibility under section 212(c) of

603

the Act, 8 U.S.C. § 1182(c) (Supp. III 1991), and ordered him deported to Guatemala. The respondent has appealed. The appeal will be dismissed.

The respondent is a native and citizen of Guatemala who was admitted into the United States on October 29, 1979, as a nonimmigrant visitor for pleasure. On June 24, 1984, his status was adjusted to that of a lawful permanent resident. On January 18, 1989, the respondent was convicted of voluntary manslaughter and assault with a firearm, in violation of California Penal Code sections 192(a) and 245(a)(2), respectively. At the hearing before the immigration judge the respondent conceded deportability under section 241(a)(2)(C) of the Act, based on the conviction for assault with a firearm. He does not, and indeed could not, contest deportability on appeal. *See Matter of Roman*, 19 I&N Dec. 855 (BIA 1988). Deportability has been established by clear, unequivocal, and convincing evidence. *Woodby v. INS*, 385 U.S. 276 (1966); 8 C.F.R. § 242.14(a) (1992).

On appeal the respondent contends that the immigration judge failed to consider the trial brief submitted in support of his claim of eligibility for a waiver under section 212(c) of the Act, and that he was therefore denied due process and a fair hearing. In addition, the respondent reasserts his claim that he is eligible for section 212(c) relief and is deserving of a grant of the waiver in the exercise of discretion. Inasmuch as we have reviewed the record on a de novo basis, the respondent has not suffered any prejudice due to the immigration judge's alleged failure to consider all of his arguments in favor of his request for relief under section 212(c) of the Act. *Cf. Matter of Edwards*, 20 I&N Dec. 191 (BIA 1990).

The decision of the Attorney General in *Matter of Hernandez-Casillas*, 20 I&N Dec. 262 (BIA 1990; A.G. 1991), *aff'd*, 983 F.2d 231 (5th Cir. 1993), reaffirmed the Board's holding in *Matter of Granados*, 16 I&N Dec. 726 (BIA 1979), *aff'd*, 624 F.2d 191 (9th Cir. 1980), that a section 212(c) waiver is available in deportation proceedings only to those aliens who have been found deportable under a charge of deportability for which there is a comparable ground of excludability. *See also Cabasug v. INS*, 847 F.2d 1321 (9th Cir. 1988); *Matter of Wadud*, 19 I&N Dec. 182 (BIA 1984); *Matter of Salmon*, 16 I&N Dec. 734 (BIA 1978). This Board and all immigration judges are strictly bound by the determinations of the Attorney General because our jurisdiction and authority derive from his. *See* 8 C.F.R. §§ 3.0–3.1(d) (1992). The provisions at issue in *Hernandez-Casillas* were those that existed prior to the revisions of section 212(c) and the deportation and exclusion grounds by the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978 (effective Nov. 29, 1990). However, even after the 1990 revisions, there is no corresponding exclusion ground to the

charge of deportability under section 241(a)(2)(C) of the Act (previously 241(a)(14)). Accordingly, we find the holdings in *Hernandez-Casillas* and *Granados* to be controlling in this case and conclude that the respondent is not eligible for a waiver under section 212(c) of the Act. *See Matter of Hernandez-Casillas, supra,* at 263 n.1.

We nonetheless find it appropriate to address one of the respondent's contentions more specifically. The respondent contends that his conviction for assault with a firearm, for which he was found deportable under section 241(a)(2)(C) of the Act, would also render him excludable under section 212(a)(2)(A)(i)(I) of the Act (previously 212(a)(9)), for having been convicted of a crime involving moral turpitude, and that section 212(a)(2)(A)(i)(I) of the Act should therefore be considered a comparable ground of exclusion for purposes of section 212(c) eligibility. In support of this assertion the respondent cites *Matter of Meza,* 20 I&N Dec. 257 (BIA 1991).

This is the type of claim considered and rejected in *Matter of Wadud, supra.* In *Wadud* the respondent was charged with and found deportable under section 241(a)(5) which has no comparable enumerated ground among those specified in section 212(c). The respondent argued, however, that because his conviction involved moral turpitude, he would come within the scope of section 212(a)(9) were he to apply for admission to this country, and that he should therefore be considered eligible for section 212(c) relief. *Matter of Wadud, supra,* at 185. Upon considering the respondent's position, the Board specifically "decline[d] to expand the scope of section 212(c) relief in cases where the ground of deportability charged is not also a ground of inadmissibility." *Id.* Similarly, the respondent's argument in this case relative to crimes involving moral turpitude under section 212(a)(2)(A)(i)(I) of the Act must be rejected; section 212(c) cannot waive the charge of deportability under section 241(a)(2)(C) in the instant case because section 241(a)(2)(C) has no analogous ground of inadmissibility enumerated in section 212(c) of the Act.

Contrary to the respondent's contention, our decision in *Matter of Meza, supra,* did not expand the general holding represented in *Matter of Wadud, supra,* and *Matter of Granados, supra.* In *Meza* we addressed the unique situation created by the language and legislative history of an amendment to section 212(c) by section 511 of the Immigration Act of 1990, 104 Stat. at 5052, which indicated that some aggravated felons are eligible for a section 212(c) waiver in deportation proceedings even though there is no single comparable ground of exclusion based on conviction of an aggravated felony. *Matter of*

*Meza, supra,* at 3.[1] Based on the implications of this language and history we found that "a waiver under section 212(c) is not unavailable to an alien convicted of an aggravated felony simply because there is no ground of exclusion which recites the words, 'convicted of an aggravated felony,' as in section 241(a)(4)(B) of the Act." *Id.* at 3-4. We noted that the definition of "aggravated felony" at section 101(a)(43) of the Act, 8 U.S.C. § 1101(a)(43) (Supp. III 1991), refers to several types or categories of offenses. *Id.* at 4. We further noted that the specific category of aggravated felony based on "any illicit trafficking in any controlled substance ... , including any drug trafficking crime" is comprised of trafficking offenses, "most, if not all, of which would also be encompassed within the scope of section 212(a)(23) of the Act." *Id.* at 5. We therefore concluded that "as the respondent's conviction for a drug–related aggravated felony clearly could also form the basis for excludability under section 212(a)(23), he is not precluded from establishing eligibility for section 212(c) relief based on his conviction for an aggravated felony." *Id.* Thus, the discussion in *Matter of Meza* is limited to the question of section 212(c) eligibility in the case of a conviction for a drug-trafficking aggravated felony and is based on the specific amendment to section 212(c) regarding aggravated felonies; it does not alter the general rule represented in *Matter of Wadud* and *Matter of Granados,* and reaffirmed in *Matter of Hernandez-Casillas, supra.* Following the rule of these precedents, we conclude that deportability under section 241(a)(2)(C) of the Act cannot be waived by section 212(c) because there is no analogous ground of inadmissibility enumerated in section 212(c) of the Act.[2] Accordingly, the appeal will be dismissed.

---

[1] The Immigration Act of 1990 amended section 212(c) of the Act to include that a section 212(c) waiver "shall not apply to an alien who has been convicted of one or more aggravated felonies and has served for such felony or felonies a term of imprisonment of at least 5 years." Section 511(a) of the Immigration Act of 1990, 104 Stat. at 5052, *as corrected by* section 306(a)(10) of the Miscellaneous and Technical Immigration and Naturalization Amendments of 1991, Pub. L. No. 102-232, 105 Stat. 1733, 1751 (enacted Dec. 12, 1991). As discussed in *Matter of A-A-,* 20 I&N Dec. 492 (BIA 1992), the section 212(c) statutory bar concerning aggravated felonies applies to all applications for relief submitted after November 29, 1990. *See also* 8 C.F.R. § 212.3(f)(4) (1992).

[2] The respondent cites the concurring opinion by Board Member Michael J. Heilman in *Matter of Meza* for the alternate position that the amendment to section 212(c) provided a statutory basis for a waiver for all deportation charges except the limited group of aggravated felons specifically disqualified. We note first that, very different from the respondent's interpretation, the position taken in the concurring opinion was that, *regardless* of the availability of section 212(c) relief to any other deportation charge under the analysis of *Wadud* and *Granados,* the specific language of amended section 212(c) provided a statutory basis of eligibility for certain aggravated felons in deportation proceedings. Second, we are not persuaded by the respondent's blanket assertion that by specifically limiting the availability of section 212(c) relief to certain

**ORDER:**     The appeal is dismissed.

*CONCURRING OPINION*: Michael J. Heilman, Board Member

I respectfully concur.

It is unfortunate that the respondent conceded deportability under section 241(a)(2)(C) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2)(C) (Supp. III 1991). This section renders deportable an alien convicted of specified firearms violations. The respondent had been convicted of assault with a firearm. The record in this case indicates that this conviction was for a "lesser included offense," the respondent having been charged initially with murder. It appears that the respondent and two other men may have had a quarrel with someone at a social gathering, left in anger, and returned with a shotgun, which one of the three proceeded to fire, killing a man.

On appeal, rather than addressing his concession of deportability, the respondent argues that the assault conviction is also a crime involving moral turpitude comparable to section 212(a)(2)(A)(i)(I) of the Act and is thus a conviction which may be waived. I agree with the majority that this argument is not persuasive. Under the immigration law, a number of offenses may fall into more than one ground of deportability. Some examples would be a drug offense, which could be charged as an aggravated felony or a controlled substance violation, or a murder, which could be charged as a crime of moral turpitude or an aggravated felony. The only issue confronting an immigration judge or this Board in such a case would be whether the charge is proven by the Service, not whether the Service might have alleged a different ground of deportability.

In this case, however, I believe that there are strong reasons to continue to categorize assault with a firearm solely as a crime of moral turpitude, rather than to characterize it as having a dual nature, as also constituting a firearms offense. The essence of an assault charge is the harm inflicted upon a fellow human being, the moral opprobrium associated with injuring another person. Firearms violations, on the other hand, are often in the category of regulatory offenses, particularly those relating to the possession of handguns.

To characterize a conviction for assault with a firearm as a violation of a firearms law would be to depart from 50 years of precedent with no good justification. In a line of cases beginning with *Matter of R-*, 1 I&N Dec. 209 (BIA 1942), and extending to *Matter of Danesh*, 19 I&N Dec. 669 (BIA 1988), this Board has consistently and logically treated a

aggravated felons, Congress thereby automatically extended the waiver to all charges of deportability not previously covered.

conviction for assault with a deadly weapon as a crime of moral turpitude, whether as a ground for exclusion or deportation, or in relation to a waiver under section 212(c) of the Act, 8 U.S.C. § 1182(c) (Supp. III 1991). Conversely, a conviction for a firearms violation has been specifically characterized by this Board as not constituting a crime of moral turpitude. *Matter of Granados,* 16 I&N Dec. 726, 728 (BIA 1979), *aff'd,* 624 F.2d 191 (9th Cir. 1980) (where the conviction was for possession of a sawed-off shotgun). To hold that an assault with a firearm is a firearms offense is absolutely inconsistent with prior interpretations.

The Attorney General, in an opinion rendered some 60 years ago, stated:

> The above-quoted portion of the decree of the Italian court shows that the alien has been convicted of the crime of wilfully assaulting and seriously injuring another by shooting him with a pistol. Judging from this crime by the standards prevailing in the United States, as those standards have been announced in the decisions of our courts, it is one involving moral turpitude. According to those standards any crime which involves an act intrinsically and morally wrong and *malum in se,* or an act done contrary to justice, honesty, principle, or good morals, is a crime involving moral turpitude and applying this rule, our courts have held that a wilful assault with a dangerous weapon involves moral turpitude.

*In the Matter of G-R-,* 2 I&N Dec. 733, 734 (BIA 1946; A.G. 1947) (citations omitted) (quoting 39 Op. A.G. 95, 98 (1935)).

By contrast, a firearms violation, as set forth in section 241(a)(2)(C) of the Act lists the following offenses:

> Certain Firearms Offenses.— Any alien who at any time after entry is convicted under any law of purchasing, selling, offering for sale, exchanging, using, owning, possessing, or carrying in violation of any law, any weapon, part, or accessory which is a firearm or destructive device (as defined in section 921(a) of title 18, United States Code) is deportable.

None of these offenses requires, or alludes to in the slightest manner, any evil intent on the part of the offender, or any element of injury to any other person.

If we take the position that any criminal offense that refers to a firearm is a firearms offense, then offenses other than assault would also be in the firearms category. The commission of a burglary while armed, or a rape while armed, would also place an alien within the firearms provision. These latter offenses have been treated as crimes of moral turpitude as well, because their essence is the depravity or vileness they exhibit. The moral condemnation comes from the act of burglary or rape, not the fact that the criminal had a gun in his pocket.

It is obvious that it would be convenient for the Service, immigration judges, and this Board if an assault with a firearm were treated as a firearms offense where the respondent might otherwise seek a waiver under section 212(c) of the Act. Under the Attorney General's decision

in *Matter of Hernandez-Casillas*, 20 I&N Dec. 262 (BIA 1990; A.G. 1991), *aff'd*, 983 F.2d 231 (5th Cir. 1993), an alien in this category would not be eligible for a waiver. Whether this interpretation would ultimately prove more troublesome is not entirely certain. It is very likely that the time and effort now spent balancing equities and adverse factors would be consumed in construing state and federal criminal laws and their unending nuances. One need only think of the struggles that have faced this Board in trying to decide if something as elementary as a "conviction" exists under any of 50 state laws. *See Matter of Ozkok*, 19 I&N Dec. 546 (BIA 1988).

As the respondent correctly pointed out at the hearing below, firearms convictions are grouped in a separate section of the California criminal code. Crimes such as assault and homicide have their own sections. The assault provision under which the respondent was convicted seems to categorize offenses by the type of victim and of the weapon used and then proceeds to set different levels of punishment. In some state criminal codes, the severity of sentence is the subject of so-called enhancement provisions, with severity of punishment differing by type of weapon used. *See Matter of Rodriguez-Cortes*, 20 I&N Dec. 587 (BIA 1992). We will see, therefore, that an individual convicted under a state code such as this will have committed a firearms violation, but in another state, where the criminal statute itself does not refer to "firearm," but reserves that reference to a sentencing statute, the individual will have been convicted of an assault only. The individuals may have committed identical offenses and drawn identical sentences, yet one will be barred from eligibility for a waiver, while another will not.

Before this Board or anyone else jettisons 50 years of established precedent, there should be serious consideration given to the consequences. First of all, abandoning this precedent is unnecessary. The amended language of the firearms provision does not oblige us to alter our long-standing interpretation. We have no legislative history to guide us, and the amendatory language does not clearly chart a new interpretation.

Secondly, we are not confronted with a situation where the respondent is off scot-free if he is charged with deportability for having committed a crime of moral turpitude. He would be able to apply for a waiver, but would have to show that it was warranted. We can thus state with confidence that sticking with our long-standing interpretation will not result in some outrageous or absurd result.

Thirdly, I have serious doubts about characterizing an assault with a firearm as a firearms violation where the respondent may also apply for asylum and withholding of deportation. At a minimum, we will have to distinguish "turpitudinous" firearms violations from those

609

that are not. In doing so, we will inevitably retrace the path already followed in deciding whether an assault is a crime of moral turpitude. This will occur because we will be obliged to examine the act for which the firearm was used or intended to be used. We will be required to do this because a firearms violation is not on its face a "particularly serious crime" or an "aggravated felony," convictions which bar eligibility for refugee status.

As a fourth matter, we will be expanding the already embarrassing absurdity which confronts us with section 212(c) waivers. The most egregious types of criminal acts may be waived, but the least harmful may result in deportation or exclusion. Surely, we should take into account the fact that a firearms violation is often a lesser included offense, or presented as part of a plea bargain in a state court. We thus have the incongruous result that as a state charge is diminished, the immigration consequences become more severe. Here, for example, murder was charged and the respondent was found guilty of voluntary manslaughter and assault with a firearm. If he had been found guilty of murder or manslaughter alone, he would be eligible for a section 212(c) waiver. Surely, such illogical and unfair results breed justifiable contempt for the immigration laws, which hardly rank high in public estimation as it is.