# MATTER OF CHOW

## In Deportation Proceedings

## A-18998312

### *Decided by Board April 13, 1993*

(1) Section 241(a)(2)(C) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2)(C) (Supp. II 1990), relating to convictions for certain firearms offenses, represents the enactment of a new statutory provision that completely supersedes all former versions of that deportation ground and is not limited regarding its applicability to convictions which predated its enactment, there being no restrictions regarding the dates in which a conviction must occur in order to be included within the scope of the new statute.

(2) An alien deportable under section 241(a)(2)(C) of the Act on the basis of his conviction for a firearms offense is ineligible for relief from deportation under section 212(c) of the Act, 8 U.S.C. § 1182(c) (Supp. III 1991), because there is no exclusion ground corresponding to the deportation ground for conviction of a firearms offense. *Matter of Montenegro*, 20 I&N Dec. 603 (BIA 1992); *Matter of Hernandez-Casillas*, 20 I&N Dec. 262 (BIA 1990; A.G. 1991), *aff'd*, 983 F.2d 231 (5th Cir. 1993); *Matter of Granados*, 16 I&N Dec. 726 (BIA 1979), *aff'd*, 624 F.2d 191 (9th Cir. 1980), followed.

CHARGE:

Order: Act of 1952—Sec. 241(a)(2)(A)(iii) [8 U.S.C. § 1251(a)(2)(A)(iii)]—Convicted of aggravated felony

Sec. 241(a)(2)(B)(i) [8 U.S.C. § 1251(a)(2)(B)(i)]—Convicted of controlled substance violation

Sec. 241(a)(2)(C) [8 U.S.C. § 1251(a)(2)(C)]—Convicted of firearms violation

ON BEHALF OF RESPONDENT:
Robert D. Ahlgren, Esquire
Ahlgren and Blumenfeld, P.C.
105 West Madison Street, Suite 800
Chicago, Illinois 60602

ON BEHALF OF SERVICE:
Harris L. Leatherwood
General Attorney

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

In a decision dated October 16, 1992, an immigration judge found the respondent deportable as charged under section 241(a)(2)(B)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2)(B)(i) (Supp. II 1990), as an alien convicted of a controlled substance

violation, and under section 241(a)(2)(C) of the Act, as an alien convicted of a firearms violation. He also denied the respondent's application for relief from deportation by way of a waiver of inadmissibility under section 212(c) of the Act, 8 U.S.C. § 1182(c) (Supp. III 1991), and ordered him deported from the United States to the United Kingdom. The respondent has appealed from that decision. The appeal will be dismissed.

The respondent is a native and citizen of Hong Kong who was admitted to the United States as a lawful permanent resident on June 16, 1971. The respondent's conviction records and admissions at the deportation hearing reflect that he was convicted on November 10, 1977, in the Superior Court of New Jersey, Camden County, of unlawful possession of an automatic pistol. For this crime he was sentenced to a term of imprisonment of not less than 2 years and not more than 3 years. This sentence was to be concurrent with three consecutive sentences of 2 to 3 years, 5 to 7 years, and 3 to 5 years, for his contemporaneous conviction on multiple counts involving entering the premises of a restaurant with intent to rob, robbery while armed, attempted robbery, atrocious assault and battery, and conspiracy. These latter crimes were not listed on the Order to Show Cause and Notice of Hearing (Form I-221). The respondent's conviction records and admissions also establish his conviction, in the United States District Court for the Eastern District of New York, of using a telephone to facilitate the crimes of distribution of and possession with intent to distribute heroin in violation of 21 U.S.C. § 843(b) (1988), for which he was sentenced on June 25, 1991, to a term of imprisonment of 2 years.

Based on the respondent's 1977 weapons conviction, the immigration judge found him deportable as charged under section 241(a)(2)(C) of the Act, as an alien convicted of a firearms violation. The immigration judge also found the respondent deportable as charged under section 241(a)(2)(B)(i) of the Act, as an alien convicted of a controlled substance violation on the basis of his drug-related conviction, but found that this conviction did not support a finding of deportability under section 241(a)(2)(A)(iii), for conviction of an aggravated felony. The Immigration and Naturalization Service has not appealed this latter determination of the immigration judge. In its memorandum in opposition to the respondent's appeal, the Service incorporates by reference the decision of the immigration judge, which it adopts as its own position.

On appeal, the respondent does not contest his deportability under section 241(a)(2)(B)(i) of the Act, but he disagrees with the immigration judge's conclusion that he is deportable under section 241(a)(2)(C), as an alien convicted of a firearms violation. He argues

648

that his 1977 conviction may not be considered for purposes of deportability because it predates the 1988 amendments made to section 241(a)(14) of the Act, 8 U.S.C. § 1251(a)(14) (1982), which was the precursor to section 241(a)(2)(C). *See* section 7348 of the Anti-Drug Abuse Act of 1988, Pub. L. No. 100-690, 102 Stat. 4181, 4473 (effective Nov. 18, 1988) ("1988 Act"). The respondent contends that although these amendments expanded the types of weapons violations that would render an alien deportable so as to include the particular offense of which he was convicted, the 1988 Act made these amendments inapplicable to convictions occurring prior to its enactment. The respondent's contention that he is therefore not deportable is without merit.

Prior to the 1988 amendments, the Act provided for the deportability of an alien who

at any time after entry, shall have been convicted of possessing or carrying in violation of any law any weapon which shoots or is designed to shoot *automatically or semiautomatically* more than one shot without manual reloading, by a single function of the trigger, or a weapon commonly called a sawed-off shotgun.

Section 241(a)(14) of the Act, 8 U.S.C. § 1251(a)(14) (1982) (emphasis added).

The Anti-Drug Abuse Act of 1988 expanded the types of weapons violations to include possessing or carrying any "firearm or destructive device ... or any revolver." Section 7348 of the 1988 Act, 102 Stat. at 4473. Following these amendments, section 241(a)(14) provided for the deportability of an alien who

at any time after entry, shall have been convicted of possessing or carrying in violation of any law *any firearm or destructive device* (as defined in paragraphs (3) and (4)) [sic], respectively, of section 921(a) of title 18, United States Code, *or any revolver* or any weapon which shoots or is designed to shoot automatically or semiautomatically more than one shot without manual reloading, by a single function of the trigger, or a weapon commonly called a sawed-off shotgun.

Section 241(a)(14) of the Act, 8 U.S.C. § 1251(a)(14) (1988) (emphasis added).[1]

The respondent's argument implies that the weapon which he was convicted of possessing was not an automatic weapon, and therefore that he is not deportable under the version of section 241(a)(14) predating the 1988 amendments. However, during the deportation proceedings the respondent admitted the factual allegation contained in the Order to Show Cause (reflecting count 28 of the indictment upon which he was convicted) that one of the weapons he was

---

[1] Revised and redesignated as section 241(a)(2)(C) of the Act by section 602(a) of the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978, 5080 (effective Nov. 29, 1990).

convicted of unlawfully possessing was a .25 caliber automatic pistol. Consequently, his 1977 conviction appears to fall within the provisions of section 241(a)(14) of the Act even prior to the 1988 amendments, and the prospective application of those amendments is thus of no import.

Moreover, even if the respondent's conviction had only involved a weapon that was manually reloaded, his argument fails. As the respondent correctly points out on appeal, the 1988 Act provided that its amendments would only apply to aliens "convicted, on or after the date of the enactment of [the 1988] Act, of possessing any firearm or destructive device referred to in such subsection." *See* section 7348(b) of the 1988 Act, 102 Stat. at 4473; *see also Matter of A-A-,* 20 I&N Dec. 492, at 498 n.14 (BIA 1992). However, the respondent was not found deportable under former section 241(a)(14) of the Act. The immigration judge found the respondent deportable under section 241(a)(2)(C) of the Act, which was made applicable to proceedings for which notice was provided to the alien on or after March 1, 1991.[2] *See* section 602(d) of the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978, 5082 ("1990 Act"). Section 241(a)(2)(C) of the Act provides:

> CERTAIN FIREARM OFFENSES—Any alien who at any time after entry is convicted under any law of purchasing, selling, offering for sale, exchanging, using, owning, possessing, or carrying in violation of any law, any weapon, part, or accessory which is a firearm or destructive device (as defined in section 921(a) of title 18, United States Code) is deportable.

It is apparent from a comparison of this new statute with its predecessor that the 1990 Act did not simply change the numerical designation of the deportation provisions relating to firearm offenses. It significantly amended the substance of the provisions by increasing the number of weapons offenses that render an alien deportable and by replacing the enumeration of the specific types of weapons within the statute's scope with one all-encompassing definition of "a firearm or destructive device." In essence, section 241(a)(2)(C) of the Act represents the enactment of a new statutory provision that completely supersedes all former versions of that deportation ground.

By its very language, section 241(a)(2)(C) applies to convictions occurring "at any time after entry." Former section 241(a)(14) also contained this language. However, unlike the amendments made to section 241(a)(14) by the 1988 Act, the 1990 Act imposed no limitations regarding its applicability to convictions which predated its enactment. Since the 1990 Act completely substituted section 241(a)(2)(C) of the Act for section 241(a)(14), we conclude that it also

---

[2]The respondent in this case was served with the Order to Show Cause on July 17, 1992.

made irrelevant any restrictions on the applicability of the provisions of the former statute placed on it by the 1988 Act. The only restrictions on the new provisions embodied in section 241(a)(2)(C) concern the deportation proceedings to which that section is applicable, but none exist regarding the dates on which a conviction must occur in order to be included within the scope of the new statute. *See* section 602(d) of the 1990 Act, 104 Stat. at 5082. We therefore find that the respondent's deportability under the new provisions set forth in section 241(a)(2)(C) of the Act has been established by clear, unequivocal, and convincing evidence. *See Woodby v. INS*, 385 U.S. 276 (1966); 8 C.F.R. § 242.14(a) (1992).[3]

The respondent further contends on appeal that even if he is deportable under section 241(a)(2)(C) of the Act on the basis of his conviction for a firearms violation, he nevertheless remains eligible for section 212(c) relief. However, we conclude that the immigration judge correctly found the respondent ineligible for a waiver under section 212(c) of the Act because there is no exclusion provision corresponding to the deportation ground for conviction of a firearms violation. In *Matter of Granados*, 16 I&N Dec. 726 (BIA 1979), *aff'd*, 624 F.2d 191 (9th Cir. 1980), we specifically held that section 212(c) of the Act, 8 U.S.C. § 1182(c) (1976), was ineffective to remove deportability for conviction of a firearms violation under former section 241(a)(14) of the Act, because the conviction did not fall within any specified ground of excludability in section 212(a) of the Act. The decision of the Attorney General in *Matter of Hernandez-Casillas*, 20 I&N Dec. 262 (BIA 1990; A.G. 1991), *aff'd*, 983 F.2d 231 (5th Cir. 1993), reaffirmed our holding in *Matter of Granados, supra*, that a section 212(c) waiver is available in deportation proceedings only to those aliens who have been found deportable under a charge of deportability for which there is a comparable ground of excludability.

On appeal, the respondent asserts that the Attorney General's decision in *Matter of Hernandez-Casillas, supra*, was in error, pointing to various revisions in the 1990 Act to support his argument. He further points out that the provisions at issue before the Attorney General were those that existed prior to the revisions made by the Immigration Act of 1990 to section 212(c) and the deportation and exclusion grounds of the Act. He asserts that these amendments

---

[3]Although not specifically raised as an issue on appeal, we also find that the respondent's deportability under section 241(a)(2)(B)(i) of the Act, as an alien convicted of a controlled substance violation, was established by his conviction under 21 U.S.C. § 843(b) (1988), for using a telephone to facilitate the crimes of distribution of and possession with intent to distribute heroin. *See Matter of Chang*, 16 I&N Dec. 90 (BIA 1977); *see also Matter of Del Risco*, 20 I&N Dec. 109 (BIA 1989).

demonstrate that Congress knew section 212(c) was being used in the deportation context and recognized that it can be applied in cases where there is no comparable ground of excludability. Contentions similar to those of the respondent were recently considered and found to be without merit in *Matter of Montenegro*, 20 I&N Dec. 603 (BIA 1992), where we held that this Board and all immigration judges are strictly bound by the determinations of the Attorney General because our jurisdiction and authority derive from his. *See* 8 C.F.R. §§ 3.0-3.1(d) (1992). Notwithstanding the 1990 revisions, there is no exclusion ground corresponding to the charge of deportability under section 241(a)(2)(C) of the Act. Accordingly, the holdings in *Matter of Hernandez-Casillas, supra,* and *Matter of Granados, supra,* are controlling in this case, and the respondent is not eligible for a waiver under section 212(c) of the Act. *See Matter of Montenegro, supra.*

The respondent further contends on appeal that the immigration judge committed certain procedural errors during the proceedings. He specifically points to the immigration judge's failure to rule on a pending motion for his two attorneys to withdraw their representation, and a motion for a change of venue of the proceedings from Oakdale, Louisiana, to Chicago, Illinois, where the respondent resided and where newly obtained counsel also had his offices.

During the proceedings, the immigration judge concluded that he would only consider a change of venue following the determination of deportability and only if the respondent appeared eligible for any form of relief from deportation. This posture by the immigration judge was correct. The respondent's deportability had not yet been resolved by the time of the October 16, 1992, hearing, and it is not unreasonable for an immigration judge, in the exercise of discretion, to deny a change of venue where an alien's deportability remains at issue. *See, e.g., Matter of Rivera,* 19 I&N Dec. 688 (BIA 1988). Following the determination of the respondent's deportability, the immigration judge, as noted above, correctly determined that the respondent was ineligible for section 212(c) relief and did not appear eligible for any other form of relief. At that juncture, there was no need for a change of venue, as it was then appropriate to issue the order of deportation.

We further find no error in the immigration judge's failure to rule on the motions made by the respondent's attorneys of record in Oakdale and New Orleans, Louisiana, seeking to withdraw as his representatives. The immigration judge correctly decided prior to the October 16, 1992, hearing to keep them as attorneys of record until a determination of deportability was made, since they had already appeared at a prior hearing on August 17, 1992, when the allegations in the Order to Show Cause were admitted, but deportability was denied. At that time, counsel had already prepared a lengthy response

to the charges of deportability. Furthermore, the new attorney seeking to represent the respondent was physically in Chicago, and even though he was scheduled to make an appearance telephonically for the October 16, 1992, hearing, he did not do so. At that juncture, it clearly would have been inappropriate to grant the motion to withdraw, and in fact the two other attorneys did not continue their motion to withdraw following the immigration judge's finding of deportability and order of deportation, given the other attorney's failure to be available for the hearing. In sum, we find no error in the actions taken by the immigration judge regarding the motions before him.

The respondent also asserts on appeal that the immigration judge should have allowed him the opportunity to apply for asylum and withholding of deportation, given that he might have a well-founded fear of persecution if he were returned to the countries that might, in fact, accept him. He is apparently implying that the United Kingdom would not accept him. However, we do not find any error on the part of the immigration judge or any basis for remanding the record in order to allow the respondent to apply for such relief. First, the respondent neither applied for, nor indicated that he wished to apply for, asylum or withholding of deportation. Although the respondent did not designate a country of deportation, the immigration judge was under no obligation to advise him of his right to apply for asylum and withholding of deportation where he failed to express any fear whatsoever of persecution or harm in any country. *See* 8 C.F.R. § 242.17(c) (1992). He has proffered no explanation whatsoever for his failure to apply for such relief before the immigration judge. Under these circumstances, we find no basis for remanding the record to the immigration judge.

Accordingly, the appeal will be dismissed.

**ORDER:**    The appeal is dismissed.