**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAFAEL MAGANA-CANCINO,

Defendant - Appellant.

No. 09-50298

D.C. No. 3:07-CR-02601-JAH-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Submitted July 15, 2010[**]
Pasadena, California

Before: FARRIS and SILVERMAN, Circuit Judges, and CAMP, Senior District
Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Jack J. Camp, Senior United States District Judge for
the District of Northern Georgia, sitting by designation.

Rafael Magana-Cancino appeals his conviction for one count of being a deported alien found in the United States in violation of 8 U.S.C. § 1326. Magana-Cancino attacks the validity of his underlying deportation and the propriety of the grand jury instructions. We have jurisdiction under 28 U.S.C. § 1291.

We review the district court's denial of a motion to dismiss an indictment *de novo*. *United States v. Arias-Ordonez*, 597 F.3d 972, 976 (9th Cir. 2010). To collaterally attack an underlying deportation order 8 U.S.C. § 1326(d) requires (1) exhaustion of administrative remedies; (2) improper deprivation of judicial review; and (3) fundamental unfairness. *Id.* A defendant is excused from exhausting his claim when the immigration judge failed to inform him that he was eligible for INA § 212(c) relief. *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1049 (9th Cir. 2004). Magana is excused from exhaustion. His ground for removal has a statutory counterpart in the inadmissability statute rendering him eligible for relief. *Aguilar-Ramos v. Holder*, 594 F.3d 701, 706 (9th Cir. 2010); *compare* 8 U.S.C. § 1227(a)(1)(A) *with* 8 U.S.C. § 1182(a)(2)(A)(i)(I).

The IJ and district court erred in considering the underlying conviction for a firearm offense for which there was no statutory counterpart. The INS has discretion in charging aliens with various grounds for deportability and we decline to speculate about INS charging decisions. *See Komarenko v. I.N.S.*, 35 F.3d 432,

2

435 (9th Cir. 1994), *abrogated on other grounds by Abebe v. Mukasey*, 554 F.3d 1203 (9th Cir. 2009) (en banc) (indicating that *Komarenko*'s equal protection analysis was dead letter); *cf. Al Mutarreb v. Holder*, 561 F.3d 1023, 1029 (9th Cir. 2009). *Matter of Montenegro*, 20 I. & N. Dec. 603, 604 (BIA 1992), relied on by the IJ, is distinguishable. There the charged basis for deportability was a firearm offense, not a crime of moral turpitude.

The government argues that *Abebe v. Mukasey* precludes Magana from being eligible for § 212(c) relief. 554 F.3d at 1207. *Abebe* is inapposite. It addresses only the constitutional necessity of the statutory counterpart rule. It does not address Magana's eligibility for relief provided by 8 C.F.R. § 1212.3.

The IJ's failure to inform Magana of his eligibility for relief also improperly deprived him of the opportunity for judicial review. *Ubaldo-Figueroa*, 364 F.3d at 1050.

Magana's underlying deportation was fundamentally unfair. He was actually and legally innocent of the deportation charge. To be deportable as charged, Magana must have been "[a]n[] alien who at the time of entry or adjustment of status was within one or more of the classes of aliens inadmissible by the law existing at such time." 8 U.S.C. § 1227(a)(1)(A). Magana was not inadmissible at the time of entry. Magana was admitted in 1987 under the Special

3

Agricultural Worker provisions, was convicted of the underlying offense in 1990, and then received an adjustment of status to permanent resident status later in 1990. The date that applies is 1987, not 1990. *Perez-Enriquez v. Gonzales*, 463 F.3d 1007, 1012 (9th Cir. 2006) (en banc). The district court erred in holding that *Perez-Enriquez* did not apply. *Perez-Enriquez* is based on a BIA decision from 1993, well before Magana's immigration hearing. *Id.* at 1011-12 (discussing *Matter of Jimenez-Lopez*, 20 I. & N. Dec. 738, 742-43 (BIA 1993)). We held that "the BIA's opinion in *Jimenez-Lopez*, published in 1993, is alone dispositive of this case as a clear, authoritative explication of the operation of § 1160(a). We give *Chevron* deference to published decisions of the BIA interpreting the immigration statutes it is charged to administer." *Id.* at 1012. *Izaguirre-Ramos v. I.N.S.*, 41 F.3d 1513 (9th Cir. 1994) is not intervening binding precedent. It was an unpublished opinion and addressed a completely different issue.

The government argues that Magana did not suffer prejudice because his assault with a firearm conviction could have been used as the basis for his deportation. *See* 8 U.S.C. § 1227(a)(2)(C). We rejected this argument in *Al Mutarreb v. Holder*, 561 F.3d at 1029. We consider only the ground charged. Magana's underlying deportation was defective. It cannot support his conviction.

4

As we have concluded Magana was actually innocent of the charge, we do not reach the issue of whether Magana had a plausible claim for § 212(c) relief and we do not consider Magana's arguments regarding the grand jury.

REVERSED.