# In re Greg Fabian AZURIN, Respondent

File A37 547 358 - San Diego

*Decided March 9, 2005*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

An alien who, prior to the 1996 amendments made to former section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (1994), pled guilty to an offense that rendered him inadmissible as an alien convicted of a crime involving moral turpitude, as well as removable based on his conviction for an aggravated felony and a firearms offense, may seek a waiver of his inadmissibility under section 212(c) in conjunction with an application for adjustment of status, despite regulatory changes relating to the availability of section 212(c) relief. *Matter of Gabryelsky*, 20 I&N Dec. 750 (BIA 1993), reaffirmed.

FOR RESPONDENT: Murray D. Hilts, Esquire, San Diego, California

FOR THE DEPARTMENT OF HOMELAND SECURITY: Jesus Clemente, Assistant District Counsel

BEFORE: Board Panel: FILPPU, HESS, and PAULEY, Board Members.

PAULEY, Board Member:

This matter was last before us on January 28, 2003, when we remanded the record to the Immigration Court to allow the respondent to apply concurrently for adjustment of status and a waiver of inadmissibility under former section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (1994).[1] The Immigration Judge has certified this case back to us. The record will again be remanded to the Immigration Court.

The respondent was convicted on March 12, 1990, of shooting at an occupied motor vehicle in violation of California law. On the basis of this conviction, he was charged in 1998 with removability as an alien convicted of an aggravated felony under section 237(a)(2)(A)(iii) of the Act, 8 U.S.C. § 1227(a)(2)(A)(iii) (Supp. IV 1998). Subsequently, a charge was lodged that he was also removable under section 237(a)(2)(C) because his conviction was for a firearms offense as well. Neither of these grounds of removability has a corresponding ground of inadmissibility.

---

[1] The respondent is the beneficiary of an approved visa petition filed by his United States citizen spouse.

In his decision, the Immigration Judge implied that the respondent was ineligible for a waiver under former section 212(c) of the Act because his conviction was for an offense that rendered him removable on grounds that lacked a comparable ground of inadmissibility. We held in *Matter of Rainford*, 20 I&N Dec. 598 (BIA 1992), that a conviction for an offense that rendered the alien deportable did not preclude a showing of admissibility for purposes of an application for adjustment of status where there was no corresponding ground of inadmissibility for the crime in the statute. Therefore, the respondent does not need section 212(c) relief to waive either the firearms or aggravated felony charges in order to adjust his status. Nevertheless, he does require a section 212(c) waiver in conjunction with his adjustment application because his offense also constitutes a crime involving moral turpitude, which would render him inadmissible.[2]

In *INS v. St. Cyr*, 533 U.S. 289 (2001), the United States Supreme Court determined that restrictions on the availability of section 212(c) relief do not apply retroactively to aliens who pled guilty prior to the April 24, 1996, effective date of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"). The respondent pled guilty and was convicted prior to the enactment of that statute. Hence, in accordance with the Supreme Court's *St. Cyr* ruling, the respondent is not ineligible for a waiver as a result of the AEDPA amendments. *See also Drax v. Reno*, 338 F.3d 98 (2d Cir. 2003).

Nor is the respondent ineligible for section 212(c) relief on the basis of the newly promulgated regulations addressing such relief. Executive Office for Immigration Review; Section 212(c) Relief for Aliens With Certain Criminal Convictions Before April 1, 1997, 69 Fed. Reg. 57,826 (Sept. 28, 2004) (to be codified at 8 C.F.R. § 1212.3) (effective Oct. 28, 2004). Among the new regulations is a provision titled "Limitations on discretion to grant an application under section 212(c) of the Act," which states as follows:

---

[2] We note that in the absence of an application for adjustment of status, the respondent would not be able to employ section 212(c) to waive the firearms and aggravated felony grounds of removability charged against him because they have no comparable grounds of inadmissibility. *See Matter of Montenegro*, 20 I&N Dec. 603 (BIA 1992); *see also Matter of Gabryelsky*, 20 I&N Dec. 750, 754 (BIA 1993) (stating that "this Board [has] rejected the expansion of section 212(c) to include cases where the ground of deportability charged is not also a ground of inadmissibility, even where the alien's conviction would also cause him to be excludable for having been convicted of a crime involving moral turpitude . . . ."); *Matter of Wadud*, 19 I&N Dec. 182 (BIA 1984); *Matter of Granados*, 16 I&N Dec. 726 (BIA 1979). Section 212(c) relief is available to waive the respondent's offense only in conjunction with an application for adjustment of status and to the extent that his conviction would otherwise render him ineligible to adjust on the ground that he is inadmissible as an alien convicted of a crime involving moral turpitude.

An application for relief under former section 212(c) of the Act shall be denied if:

. . .

(5) The alien is deportable under former section 241 of the Act or removable under section 237 of the Act on a ground which does not have a statutory counterpart in section 212 of the Act.

69 Fed. Reg. at 57, 835 (to be codified at 8 C.F.R. § 1212.3(f)(5)).

As previously noted, the respondent's offense is one that does not have a statutory counterpart in section 212(a) of the Act. Thus, the new regulation could be read to mandate a denial of section 212(c) relief. However, we do not believe that the regulation was intended to bar section 212(c) relief in the instant context, and we therefore decline to construe it in that fashion.

The purpose of the new regulation appears simply to be to codify the holdings in *Matter of Hernandez-Casillas*, 20 I&N Dec. 262 (A.G. 1991; BIA 1990), and *Matter of Granados*, 16 I&N Dec. 726 (BIA 1979). *See* 69 Fed. Reg. at 57,831-32 (noting those cases in explaining that the regulation makes section 212(c) unavailable to waive a ground of deportability or removability if there is no corresponding ground of inadmissibility); *see also Matter of Montenegro*, 20 I&N Dec. 603 (BIA 1992). Our ruling in *Matter of Gabryelsky*, 20 I&N Dec. 750, 753-54 (BIA 1993), relies on those cases in recognizing that section 212(c) relief is not available to waive a ground of deportability or removability that has no analogous ground of inadmissibility in section 212(a) of the Act. Thus, *Matter of Gabryelsky* is entirely consistent with the case law underpinning this new regulation. Furthermore, nothing in the context of the regulation or the accompanying commentary indicates that it was intended to overrule the well-established rule in that case that an alien may seek section 212(c) relief, in conjunction with an application for adjustment of status, to waive a ground of inadmissibility that would otherwise bar the alien from establishing eligibility to adjust his or her status.[3] Consequently, we hold that the new regulation does not make the respondent ineligible for section 212(c) relief to the extent that he seeks a waiver, in conjunction with an application for adjustment of status, for an offense that would render him inadmissible under section 212(a).

Lastly, we must address the Immigration Judge's suggestion that as a result of other regulatory changes, the respondent can no longer rely on *Matter of Gabryelsky*, *supra*, in applying for adjustment of status in conjunction with a waiver of inadmissibility under former section 212(c) of the Act. In *Matter of Gabryelsky*, we relied on 8 C.F.R. § 245.1(e) (1993) (subsequently redesignated as 8 C.F.R. § 245.1(f) (1994)), which specifically stated that an applicant for adjustment could apply for benefits provided in section 212(c)

---

[3] *Matter of Gabryelsky*, *supra*, held that a lawful permanent resident who was deportable for both drug and weapons offenses could concurrently apply for adjustment of status to overcome his weapons conviction and for section 212(c) relief to waive his drug conviction, which would otherwise render him inadmissible.

of the Act.  As pointed out by the Immigration Judge, this language was eliminated from the regulations, effective April 1, 1997.  *See* Inspection and Expedited Removal of Aliens; Detention and Removal of Aliens; Conduct of Removal Proceedings; Asylum Procedures, 62 Fed. Reg. 10,312, 10,383 (Mar. 6, 1997); *see also* 8 C.F.R. § 245.1(f) (2004).  However, that regulatory change does not currently preclude the respondent from combining the section 212(c) waiver with an adjustment application.

The regulation at 8 C.F.R. § 245.1(e) was not the exclusive basis for our reasoning in *Gabryelsky*.  We also relied on language in former 8 C.F.R. § 242.17(a) (1993).  *Matter of Gabryelsky*, *supra*, at 754.  That language still exists in the current version of the regulation and provides as follows:

> In conjunction with any application for creation of status of an alien lawfully admitted for permanent residence made to an immigration judge, if the respondent is inadmissible under any provision of section 212(a) of the Act and believes that he or she meets the eligibility requirements for a waiver of the ground of inadmissibility, he or she may apply to the immigration judge for such waiver.

8 C.F.R. § 1240.49(a) (2004).  This regulation clearly indicates that the various waivers of inadmissibility are intended to accompany an adjustment application.  Moreover, we had approved the practice of combining a section 212(c) waiver with an adjustment application before the language regarding section 212(c) was inserted into former 8 C.F.R. § 245.1(e).  *See Matter of Smith*, 11 I&N Dec. 325 (BIA 1965) (noting that an applicant for adjustment of status in the United States, who is subject to all grounds of inadmissibility, is "assimilated" to the position of someone applying to enter this country as a lawful permanent resident and therefore should not be treated differently from someone seeking admission at the border).

Because the language of 8 C.F.R. § 245.1(f) was altered in conjunction with the enactment of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009-546 ("IIRIRA"), the deletion of any reference to section 212(c) appears to be of a conforming nature, in line with the understanding that the IIRIRA had retroactively repealed that form of relief.  IIRIRA § 304(b), 110 Stat. at 3009-597.  As previously noted, however, the Supreme Court subsequently held that certain aliens who pled guilty to a crime before the 1996 amendments to section 212(c) could still seek relief under that section, as they would have detrimentally relied on its availability at the time of their pleas. *See INS v. St. Cyr*, *supra*.  Thus, while the regulation's elimination of any reference to section 212(c) would have been prudent at the time of the IIRIRA's enactment, it would be contrary to the holding of *St. Cyr* to refuse to allow otherwise eligible aliens to seek a waiver in conjunction with an adjustment application solely because the specific regulatory language authorizing that form of relief has been deleted.  Accordingly, we hold that

*Matter of Gabryelsky*, *supra*, has not been overruled as a result of the alteration of 8 C.F.R. § 245.1(f), and we reaffirm our decision in that case.

Based on the foregoing, we conclude that the respondent should be permitted to submit his section 212(c) waiver request with his application for adjustment of status. The record will therefore be remanded to the Immigration Judge.

**ORDER:** The record is remanded to the Immigration Court for further proceedings consistent with the foregoing opinion, and for the entry of a new decision.