

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-25-2006

# Reid v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3005

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Reid v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1223.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1223

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

---

No. 05-3005

---

EVEROD REID,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

---

On Petition for Review of an Order of
The Board of Immigration Appeals
(No. A39-751-184)
Immigration Judge: Henry S. Dogin

---

Submitted Under Third Circuit LAR 34.1(a)
April 21, 2006

Before: SLOVITER and AMBRO, <u>Circuit Judges</u>,
and DuBOIS,[*] <u>District Judge</u>

(Filed: April 25, 2006)

---

OPINION

---

[*]Honorable Jan E. DuBois, Senior District Judge for the Eastern District of
Pennsylvania, sitting by designation.

AMBRO, <u>Circuit Judge</u>

Everod Reid petitions for review of the denial of his motion to reopen and reconsider his eligibility for relief from removal. Reid argues that the IJ erred in finding Reid ineligible, as a matter of law, for discretionary relief from removal under the former § 212(c) of the Immigration and Nationality Act ("INA"). For the reasons provided below, we grant Reid's petition and remand this case for proceedings not inconsistent with this decision.

**I.**

Reid is a native and citizen of Jamaica who entered the United States as a lawful permanent resident in August 1985, at the age of fifteen. Reid's mother is a United States citizen and Reid himself has four minor U.S. citizen children. On August 17, 1995, Reid was convicted in the United States District Court for the Northern District of New York of the sale of stolen firearms shipped in interstate commerce, in violation of 18 U.S.C. § 922(j). He was sentenced to 18 months imprisonment.

As a result of his conviction, on December 8, 1995, the former INS issued an Order to Show Cause ("OSC"), charging Reid with removability.[1] The INS alleged that

---

[1] Before the passage of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), individuals who were ineligible for admission into the United States and were never admitted into the United States were referred to as "excludable," while aliens who had gained admission, but later became subject to expulsion from the United States, were referred to as "deportable." After IIRIRA, aliens who were previously referred to as "excludable" are termed "inadmissible," and the term "removal proceedings" covers proceedings applicable to both inadmissible and deportable

2

Reid's conviction was both an offense involving firearms and an aggravated felony. Thus, Reid was charged with removability under INA §§ 241(a)(2)(A)(iii) and 241(a)(2)(C), 8 U.S.C. §§ 1251(a)(2)(A)(iii) and (a)(2)(C).

On March 14, 1997, Reid filed an application for waiver of inadmissibility under § 212(c) in conjunction with an application for adjustment of status under INA § 245. Section 212(c) allowed removable aliens who had accrued seven years of lawful permanent residence in the United States to request discretionary relief from deportation. 8 U.S.C. § 1182(c) (1994) (repealed effective April 1, 1997). To qualify, an alien had to have been sentenced to a term of imprisonment of less than five years. Id.

On February 10, 2000, while his application was pending, Reid was convicted in New Jersey for possession with the intent to distribute a controlled dangerous substance, in violation of N.J. Stat. Ann. § 2C:35-5b(10)a, for which he served two years of a ten-year prison sentence. Reid's deportation proceedings were administratively closed while he was incarcerated.

Prior to Reid's drug conviction, Congress enacted in 1996 the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which restricted the availability of discretionary administrative relief under INA § 212(c). Pub. L. 104-132, 110 Stat. 1214, 1277-79 (1996). Section 440(d) of AEDPA barred § 212(c) relief to aliens removable by reason of having committed certain enumerated offenses, including aggravated felonies. However,

aliens. Thus, a reference to an order of removal would encompass an order of deportation.

AEDPA did not contain an express provision stating whether it would apply to criminal conduct that preceded its enactment.

On the heels of AEDPA, Congress enacted IIRIRA. Pub. L. 104-208, 110 Stat. 3009-546 (1996) (effective April 1, 1997). It completely repealed the discretionary relief from removal provided in the former INA § 212(c), and provided for a new form of relief—cancellation of removal. Section 309(c) of IIRIRA preserved the availability of review under INA § 212(c) for an alien placed in removal proceedings prior to April 1, 1997.

Upon his release from prison, Reid renewed his application for § 212(c) relief and sought also an adjustment of status. On April 26, 2004, the IJ denied Reid's application for waiver under INA § 212(c) as a matter of law and ordered Reid removed to Jamaica. The IJ also found Reid ineligible for § 212(c) relief because his 2000 drug conviction occurred after the effective date of AEDPA.

On July 26, 2004, Reid filed a Motion to Reopen with the IJ, arguing that an alien who qualified for a § 212(c) waiver prior to the passage of AEDPA and IIRIRA remained eligible for such a waiver regardless of subsequent criminal convictions. On September 28, 2004, the IJ denied Reid's motion to reopen and addressed the merits of the case, construing Reid's motion to reopen as both a motion to reopen and a motion to reconsider. The IJ first denied the motion to reopen on the grounds that Reid failed to present any new material facts or evidence not available at the previous hearing. The IJ next held that the motion to reconsider was untimely, as it was not filed within the 30-day

4

time period prescribed for motions to reconsider.  As noted, despite the untimeliness of the motion, the IJ addressed the merits of Reid's claim.  Relying on the Supreme Court's decision in INS v. St. Cyr, 533 U.S. 289 (2001), the IJ found that Reid "could not have had any possible settled expectation of the availability of 212(c) relief at the time of his [2000] conviction[,]" and, thus, denied his motion to reconsider.

On May 5, 2005, the Board of Immigration Appeals ("BIA") affirmed the decision of the IJ.  On May 9, 2005, Reid filed a writ of habeas corpus challenging the decision of the BIA.  Reid's habeas petition was transferred to this Court pursuant to the passage of the Real ID Act, Pub. L. No. 109-13, div. B, 119 Stat. 231 (2005).

## II.

Where the BIA adopts and affirms a decision by the IJ, our Court reviews the IJ's decision to assess whether the BIA's decision to affirm was appropriate.  Abdulai v. Ashcroft, 239 F.3d 542, 549 n.2 (3d Cir. 2001).  We review the denial of a motion to reopen and a motion to reconsider for abuse of discretion, Lu v. Ashcroft, 259 F.3d 127, 131 (3d Cir. 2001), while a petition that raises a legal question receives *de novo* review.  Dinnall v. Gonzales, 421 F.3d 247, 251 (3d Cir. 2005).

Reid argues that, despite his 2000 drug conviction, he remains eligible for relief under the former INA § 212(c) because he was placed in removal proceedings prior to the passage of AEDPA and IIRIRA.  Following the passage of AEDPA, several circuit courts, including ours, held that AEDPA's amendments to INA § 212(c) did not apply to removal proceedings pending on the date of AEDPA's enactment.  See, e.g., Sandoval v.

<u>Reno</u>, 166 F.3d 225, 240 (3d Cir. 1999) (holding that the AEDPA's amendment to § 212(c) was not applicable to then-pending cases). Our decision in <u>Sandoval</u> was later supported by the passage of a Department of Justice regulation providing that "[s]ection 440(d) of [AEDPA] shall not apply to any applicant for relief under [former INA § 212(c)] whose deportation proceedings were commenced before the Immigration Court before April 24, 1996." 8 C.F.R. 1212.3(g). Because Reid's removal proceedings began in 1995, he argues that, as a matter of law, AEDPA's provisions do not apply to his case. Further, § 309(c) of IIRIRA specifically preserved the availability of § 212(c) review for aliens whose removal proceedings began prior to April 1, 1997. Pub. L. 104-208, 110 Stat. 3009. Thus, Reid contends that he remains eligible to seek § 212(c) relief, and that the IJ and the BIA erred in finding that AEDPA and IIRIRA barred it.

The Government responds by arguing that Reid was never eligible for relief from removal under § 212(c) because he was convicted of a firearms offense. As Reid was not eligible for relief at the time of his plea, it contends he cannot be eligible for relief now, regardless of AEDPA's enactment.

The commission of a firearms offense, however, does not preclude relief under former § 212(c). <u>Matter of Azurin</u>, 23 I. & N. Dec. 695 (BIA 2005) (finding that an alien removable for the commission of an aggravated felony and firearms offense that occurred prior to the enactment of AEDPA is eligible to seek relief under § 212(c) in conjunction with an application for adjustment of status); <u>see</u> <u>also</u> <u>Matter of Grabryelsky</u>, 20 I. & N. Dec. 750 (BIA 1993) (same). Thus, Reid was eligible for § 212(c) relief at the time of his

6

firearms conviction.

The Government alternatively contends, even if Reid's firearm conviction was eligible for review under § 212(c), his narcotics conviction in 2000 precludes that review. According to the Government, the Supreme Court's holding in <u>INS v. St. Cyr</u>, 533 U.S. 289 (2001), is controlling. There the Court held that, because an alien who pled guilty before the effective date of AEDPA would have relied on the availability of the § 212(c) waiver, it remains available in removal proceedings "for aliens . . . whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." <u>Id.</u> at 326. At the time of Reid's drug conviction in 2000, he could not have had an expectation that review would be available under § 212(c). Thus, under the logic of <u>St. Cyr</u>, Reid should be denied § 212(c) review based on his 2000 conviction. We disagree.

<u>St. Cyr</u> is distinguishable from this case and, under our precedent, the passage of AEDPA and IIRIRA have no effect on Reid's deportation proceedings. Those proceedings were distinct from <u>St. Cyr</u> because they began <u>prior</u> <u>to</u> the passage of AEDPA and IIRIRA, whereas St. Cyr's proceedings began <u>after</u> the passage of those acts. Accordingly, we are unpersuaded by the Government's contention that <u>St. Cyr</u> controls here.

\* \* \* \* \*

Because Reid was placed in deportation proceedings prior to the passage of

7

AEDPA and IIRIRA, he is eligible for a § 212(c) waiver of inadmissibility with regard to his 1995 firearms conviction notwithstanding his 2000 drug conviction.[2]  As such, we grant Reid's petition for review and remand this case to the BIA.  See INS v. Ventura, 537 U.S. 12, 16 (2002).

---

[2]We realize that if DHS issues an Order to Show Cause charging Reid with removability for his 2000 drug conviction (an undisputably removable offense), he will not be eligible for a § 212(c) waiver for that offense, as it occurred years after the repeal of § 212(c).  However, the record reflects that the IJ found Reid removable solely due to his 1995 firearms charge and did not consider the 2000 offense.  Thus, although it is possible that Reid will ultimately be deported on the basis of his 2000 conviction, we are obligated to remand the case to the BIA.