**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 27, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JULIO ACUNA BERNATE,

Petitioner,

v.

ALBERTO GONZALES,
Attorney General,

Respondent.

No. 06-9540
(No. A35-764-610)
(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, Circuit Judge, **BARRETT**, Senior Circuit Judge, and **McKAY**, Circuit Judge.

---

Petitioner Julio Acuna Bernate, a native and citizen of Colombia, petitions

for review of a decision of the Board of Immigration Appeals (BIA) which held

that he was ineligible to apply for a waiver of inadmissibility under former

§ 212(c) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1182(c), and

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

ordered him removed from the United States. We have jurisdiction under 8 U.S.C. §§ 1252(a)(1) and (a)(2)(C) and deny the petition for review.

Petitioner entered the United States in 1975 as a legal permanent resident. He was convicted by a jury in 1986 on federal drug trafficking charges and served eighteen months of a thirty-month sentence. He admitted that he left the United States at some point after he served his sentence and that he attempted to reenter in 2003. He was detained and determined to be inadmissible based on his criminal conviction.

During immigration proceedings, petitioner requested permission to apply for a waiver of inadmissibility under former § 212(c) of the INA, which was interpreted to "grant[] the Attorney General broad discretion to admit excludable aliens," INS v. St. Cyr, 533 U.S. 289, 294-95 (2001). Between 1990 and 1996, however, Congress enacted three statutes "reduc[ing] the size of the class of aliens eligible for such discretionary relief." Id. at 297. In 1990, Congress eliminated the possibility of § 212(c) relief for "anyone convicted of an aggravated felony who had served a term of imprisonment of at least five years." Id. On April 24, 1996, Congress adopted § 440(d) of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which "identified a broad set of offenses for which convictions would preclude such relief." St. Cyr, 533 U.S. at 297. Later that same year, Congress passed the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), which "inter alia, repealed

§ 212(c) . . . and replaced it with a new section that gives the Attorney General the authority to cancel removal for a narrow class of inadmissible or deportable aliens . . . ." St. Cyr, 533 U.S. at 297. This class does not include anyone previously convicted of an "aggravated felony." Id. (quotation omitted). In short, after AEDPA and IIRIRA, petitioner, who would have been eligible for relief under § 212(c) at the time of his criminal proceedings, was excluded from eligibility at the time of his immigration proceedings.

The government objected to petitioner's request to apply for relief under § 212(c), asserting that this section had been repealed and that petitioner could not take advantage of St. Cyr, in which the Supreme Court held that the application of laws that repealed § 212(c) was impermissibly retroactive with respect to aliens who had pleaded guilty to aggravated felonies, instead of going to trial, in reliance on the possibility of § 212(c) relief, St. Cyr, 533 U.S. at 314-26. The immigration judge (IJ) noted that regulations promulgated in light of St. Cyr did not allow him to consider § 212(c) relief for aliens, like petitioner, who were found guilty by a jury, rather than based on a guilty plea. Admin. R. at 40; see also 8 C.F.R. § 1212.3(h); In re Azurin, 23 I. & N. Dec. 695, 698 (BIA 2005). The IJ therefore denied petitioner any relief. The BIA affirmed, adopting the IJ's reasoning.

Petitioner argues on appeal that we held in Hem v. Maurer, 458 F.3d 1185 (10th Cir. 2006), "that the benefit of applying for relief from deportation under

section 212(c) is available to both persons who[se] convictions were as a result of a plea bargain as well as those persons who[se] convictions were as a result of a verdict at trial." Aplt. Br. at 4. Although this statement is correct as far as it goes, our holding in Hem does not dictate the result that petitioner seeks.

We held in Hem "that litigants who proceed to trial but abandon their right to appeal when § 212(c) relief is available have objectively relied on pre-IIRIRA law," which is sufficient to show that the repeal of § 212(c) relief is impermissibly retroactive as to such aliens. 458 F.3d at 1186, 1189. We reasoned that, otherwise, "[a]liens, like Hem, who were in a position in which the availability of § 212(c) relief would reasonably inform their decision to forego a constitutional right [to appeal their aggravated felony convictions], would suffer 'new legal consequences to events completed before [the statute's] enactment.'" Id. at 1200-01 (quoting Landgraf v. USI Film Products, 511 U.S. 244, 269-70 (1994)). Petitioner, however, does not affirmatively argue that any decision he made during his criminal proceedings demonstrates objective reliance on the availability of § 212(c) relief, and the record reveals nothing about his criminal proceedings except the fact of his conviction. We do not know whether petitioner took an appeal or not, and he cites no authority indicating that exercising his Sixth Amendment right to go to trial, by itself, constitutes a sufficient showing of an objective reliance interest to foreclose a retroactive application of the § 212(c)

-4-

repeal. We therefore conclude that petitioner has failed to demonstrate objectively reasonable reliance on the continued availability of § 212(c) relief.

The petition for review is DENIED.

Entered for the Court


Monroe G. McKay
Circuit Judge