**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Miguel MORIEL–LUNA, Defendant—Appellant.**

**No. 06–50152.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 9, 2007.

Filed Aug. 3, 2007.

Becky S. Walker, Esq., USLA–Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, Douglas F. McCormick, Esq., USSA–Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

FPDCA–Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: SILVERMAN, WARDLAW, and BYBEE, Circuit Judges.

MEMORANDUM *

Miguel Moriel–Luna appeals the district court's denial of his motions to dismiss the indictment and to exclude the warrant of deportation and certificate of nonexistence of record, as well as his seventy-month prison sentence. He entered a conditional guilty plea to violating 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

§ 1291, and we reverse in part, affirm in part, and remand for further proceedings.

## I.

"We review de novo the denial of a motion to dismiss an 8 U.S.C. § 1326 indictment when the motion to dismiss is based on alleged due process defects in an underlying deportation proceeding." *United States v. Ubaldo–Figueroa*, 364 F.3d 1042, 1047 (9th Cir.2004). To successfully attack the underlying deportation proceeding, a defendant must show: (1) exhaustion of available administrative remedies to appeal the deportation order; (2) improper deprivation of the opportunity for judicial review; and (3) prejudice suffered from the due process violations in the deportation proceeding. *See id.* at 1048.

■ A defendant satisfies the first prong despite waiving his administrative appellate rights if his waiver was not "considered and intelligent." A waiver is not deemed "considered and intelligent" where "the record contains an inference that the petitioner is eligible for relief from deportation, but the Immigration Judge fails to advise the alien of this possibility and give him the opportunity to develop the issue." *Id.* at 1049 (internal quotations omitted). The Immigration Judge ("IJ") incorrectly informed Moriel that he was ineligible to apply for any relief from deportation before Moriel waived his right to appeal at his April 11, 1995 hearing. The government concedes that Moriel's testimony disclosed sufficient information to infer that he was eligible to petition for adjustment of status under INA § 245(a) along with a petition for waiver of deportation under either former INA § 212(c) or INA § 212(h). *See Bui v. INS*, 76 F.3d 268, 271 (9th Cir.1996) (involving § 212(h) waiver); *see also Ubaldo*, 364 F.3d at 1049–50 (involving § 212(c) waiver). Thus, the district court erroneously denied Moriel's mo-

tion to dismiss on the basis of his waiver of his right to appeal. *See also United States v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir. 2000) (explaining that without the IJ's instruction on possible relief from deportation, the pro se defendant "could not make a considered and intelligent decision about whether to apply for a § 212(h) waiver, and could not make a considered and intelligent decision about whether to appeal the IJ's deportation order").

■ Furthermore, Moriel "was deprived of the opportunity for meaningful judicial review" due to the IJ's failure to inform him of the available forms of relief from deportation. *See Ubaldo*, 364 F.3d at 1050.

■ Finally, to prevail Moriel must demonstrate "that he had a 'plausible' ground for relief from deportation," including that he was prejudiced. *Id.* (quoting *Arrieta*, 224 F.3d at 1079). Moriel has shown that he may not have been deported because a § 212(c) waiver of deportation could have been granted, which would have enabled him to adjust his status under § 245(a). *In re Azurin*, 23 I. & N. Dec. 695 (BIA 2005). Failure to advise Moriel of this plausible relief prejudiced him. Thus, Moriel has made a prima facie case of prejudice.

■ After the defendant "makes a prima facie showing of prejudice, the burden shifts to the government to demonstrate that the procedural violation could not have changed the proceedings' outcome." *United States v. Gonzalez–Valerio*, 342 F.3d 1051, 1054 (9th Cir.2003). The government argues for the first time on appeal that no IJ would have allowed Moriel to adjust his status under § 245(a) because he could not show that a visa was immediately available to him. *See Olivares v. INS*, 685 F.2d 1174, 1176, 1178 (9th Cir. 1982) (finding an alien is ineligible for an

adjustment of status under § 245(a) where, according to a Visa Office Bulletin, no visas were then available to Mexican applicants in the petitioner's preference group). The parties agree that the district court should consider the visa availability issue in the first instance. We therefore remand this case to the district court to determine whether the government can demonstrate that a visa was not immediately available, and thus Moriel is not entitled to relief. *See United States v. Ortiz–Lopez,* 385 F.3d 1202, 1205 (9th Cir.2004); *Gonzalez–Valerio,* 342 F.3d at 1054.

## II.

The district court did not err in denying Moriel's motion in limine to exclude the admission of any warrant of deportation under *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). *United States v. Bahena–Cardenas,* 411 F.3d 1067, 1074–75 (9th Cir. 2005) (holding a "warrant of deportation is nontestimonial," and therefore not governed by *Crawford*). Nor did it err by admitting the certificate of nonexistence of record. *United States v. Cervantes–Flores,* 421 F.3d 825, 834 (9th Cir.2005) (per curiam) (holding a certificate of nonexistence of record "is nontestimonial evidence under *Crawford*").

## III.

Moriel's argument that 8 U.S.C. § 1326(b) is unconstitutional because it allows a sentence to be increased due to a prior conviction not pleaded or proven to a jury is foreclosed by *United States v. Pacheco–Zepeda,* 234 F.3d 411, 414–15 (9th Cir.2000).

* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of

**AFFIRMED in part, REVERSED in part, and REMANDED.**