SUMMARY ORDER
Salvatore Girolamo Mignano, a native and citizen of Italy, petitions for review of a November 26, 2007, BIA decision denying his motion to reopen his removal proceedings. In re Salvatore Girolamo Mignano, No. A 37 655 034 (B.I.A. Nov. 26, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
We review the BIA’s denial of a motion to reopen for abuse of discretion. Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006) (per curiam). An abuse of discretion may be found where the BIA’s decision “provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner.” Ke Zhen Zhao v. U.S. Dep’t of Justice, 265 F.3d 83, 93 (2d Cir.2001) (citations omitted).
With limited exceptions, a motion to reopen must be filed no later than 90 days after the final administrative decision was rendered in the proceeding sought to be reopened. See 8 C.F.R. § 1003.2(c)(2). Here, absent an exception to the 90-day time limit, any motion to reopen was due by May 24, 2007 and Mignano’s motion to reopen, filed on June 18, 2007, was untimely. See 8 C.F.R. § 1003.2(c)(2); see also Ali, 448 F.3d at 517.
Mignano moved to reopen the BIA’s February 23, 2007, decision “based on the recent holding of the U.S. Court of Appeals in Blake v. Carbone[, 489 F.3d 88 (2d Cir.2007) ].” In denying Mignano’s motion, the BIA first addressed the merits of Mignano’s Blake argument, concluding that Blake is inapplicable to Mignano’s circumstances. The BIA went on to conclude that Mignano’s motion was untimely because it was filed outside the 90-day time limit and no exception to the 90-day time limit had been established.
It is not clear, however, on what basis the BIA concluded that Mignano had not established an exception to the 90-day time limit. Specifically, the BIA might have concluded that no exception to the 90-day time limit was established either (1) because a change in law, such as the one claimed here, does not excuse the 90-day time limit, or (2) because Blake did not *569 change the law applicable to Mignano’s case. Had the BIA denied Mignano’s motion on the basis that a change in law does not excuse the 90-day time limit, we would assume that its discussion of Blake was intended to explain its decision not to exercise its jurisdiction to reopen Mignano’s case sua sponte pursuant to 8 C.F.R. § 1003.2(a), a decision that we would lack jurisdiction to review. See Ali, 448 F.3d at 518 (“[A] decision of the BIA whether to reopen a case sua sponte under 8 C.F.R. § 1003.2(a) is entirely discretionary and therefore beyond our review....”). In such a circumstance, any error in the BIA’s Blake analysis would be beyond review. Alternatively, had the BIA denied Mignano’s motion on the basis that Blake was not a relevant change in law, we would be called upon to evaluate the BIA’s Blake analysis.
Accordingly, the petition for review is GRANTED, the BIA’s decision is VACATED and the case is REMANDED to the BIA to permit it to clarify the basis for its conclusion that petitioner’s motion was untimely.