09-3023-ag
Mignano v. Holder

BIA
A037 655 034

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of October, two thousand ten.

PRESENT:

PIERRE N. LEVAL,
BARRINGTON D. PARKER,
PETER W. HALL,
        *Circuit Judges.*

_____

SALVATORE GIROLAMO MIGNANO,
        *Petitioner*,

        v.                                    09-3023-ag
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Millicent Y. Clarke,
                       Freeport, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; William C. Peachey,
                       Assistant Director; Yamileth G.
                       HandUber, Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is GRANTED in part and DENIED in part.

Petitioner Salvatore Girolamo Mignano, a native and citizen of Italy, seeks review of a June 26, 2009, order of the BIA denying his motion to reopen. *In re Salvatore Girolamo Mignano*, No. A037 655 034 (B.I.A. June 26, 2009). We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

A motion to reopen generally must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceedings sought to be reopened. 8 C.F.R. § 1003.2(c)(2). There is no dispute that Mignano's motion to reopen, filed in June 2007, was untimely. *See id.* Although the BIA found Mignano's motion to reopen time-barred, the BIA considered and rejected the argument that our intervening decision in *Blake v. Carbone*, 489 F.3d 88 (2d Cir. 2007), warranted reopening, finding that *Blake* was not relevant to Mignano's case. In our January 2009 order, to determine whether we had jurisdiction over the BIA's decision, we directed the BIA to clarify whether its analysis of *Blake* was relevant: (1) only to the BIA's authority to reopen Mignano's case *sua sponte*; or (2) because a material change in the law would excuse the untimely filing of a motion to reopen. *See Mignano v. Filip*, 307 F. App'x 567, 568-69 (2d Cir. 2009) (unpublished). Following that remand, it remains unclear whether the BIA's discussion of *Blake*'s relevance to Mignano's case pertained exclusively to its authority to reopen his case *sua sponte*. In light of intervening caselaw, however, we assert jurisdiction over Mignano's petition insofar as he argues that the BIA determined that he was not eligible for relief under Immigration and Naturalization Act ("INA") § 212(c) based on a misperception of the law. *See Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009).

## I.   Blake - Comparable Ground of Inadmissibility

In *Blake*, we clarified that, to determine whether an aggravated felony that is a ground for deportability also constitutes a comparable ground for denying admissibility, the BIA must look to the substance of the particular

2

criminal conviction, not merely the language of the statutes.  489 F.3d at 103.  That is, an aggravated felony can be a comparable basis for excludability as a crime involving moral turpitude if the substance of the aggravated felony offense would constitute a crime of moral turpitude under INA § 212(a)(2)(A)(i)(I), thus making an alien inadmissable on the basis of the conviction.  *Blake*, 489 F.3d at 102-04.  Under *Blake*, the BIA was required to consider whether Mignano's conviction for firearms trafficking could constitute a crime involving moral turpitude.  *See id.* at 103.

In finding that Mignano's ground of deportability based on his firearms conviction would not constitute a crime involving moral turpitude, the BIA failed to analyze whether the particular crime for which Mignano was convicted – firearms trafficking – could constitute a ground of inadmissibility.  Instead, the BIA stated generically that "firearms offenses" could not constitute a ground of inadmissibility, and cited as support: (1) *Blake*, 489 F.3d at 95-96; (2) *In re Montenegro*, 20 I. & N. Dec. 603, 605 (BIA 1992); and (3) *In re Azurin*, 23 I.& N. Dec. 695, 699 n.2 (BIA 2005).  None of the cited cases, however, addresses whether firearms trafficking constitutes a crime involving moral turpitude, which would thus be a ground for inadmissibility.  Because the BIA erred in failing to consider whether Mignano's particular conviction for firearms trafficking might constitute a ground of inadmissibility, remand is appropriate for the BIA to consider this issue in the first instance.  *See Blake*, 489 F.3d at 103; *INS v. Ventura*, 537 U.S. 12, 16 (2002).  On remand, the BIA is directed to address whether Mignano's conviction for firearms trafficking is a crime involving moral turpitude and, for that reason, would constitute a ground of inadmissibility, *see* INA § 212(a)(2)(A)(i)(I), and consequently, whether Mignano is eligible for relief under § 212(c)).


**II.  Whether Mignano was Improperly Charged as Deportable**

Mignano also argues that because he was charged with being deportable at the time he was re-entering the country on his return from a visit to Italy, he should have been charged with being inadmissible rather than deportable.  As the Government argues, however, this issue is not before us for review because Mignano failed to raise the issue in his 2007 motion to reopen.  Accordingly, we decline to address this issue.  *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265

F.3d 83, 89-90 (2d Cir. 2001) (holding that where the alien files a timely petition from the denial of a motion, but not from the underlying affirmance of the removal order, the Court may review only the denial of the motion); *see also Stone v. INS*, 514 U.S. 386, 405-06 (1995).

For the foregoing reasons, the petition for review is GRANTED in part and DENIED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk