Tavarez v. Holder

BIA
A034 133 035

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of May, two thousand eleven.

PRESENT:
>
> ROBERT A. KATZMANN,
> RICHARD C. WESLEY,
> DENNY CHIN,
> *Circuit Judges.*

———————————————————————————————

RAFAEL ANTONIO TAVAREZ,
> *Petitioner*,

> v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

10-2139-ag
NAC

———————————————————————————————

FOR PETITIONER:          Michael Kohler, Syosset, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Emily Anne Radford,
                         Assistant Director; Aric A.
                         Anderson, Trial Attorney, Office of
                         Immigration Litigation, Civil
                         Division, United States Department
                         of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DISMISSED.

Rafael Antonio Tavarez, a native and citizen of the Dominican Republic, seeks review of a May 4, 2010 order of the BIA denying his motion to reopen. *In re Rafael Antonio Tavarez*, No. A034 133 035 (B.I.A. May 4, 2010). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Generally, we lack jurisdiction to review the "entirely discretionary" decision of the BIA whether to reopen removal proceedings *sua sponte*. *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006) (per curiam). However, we retain jurisdiction to review such decisions when they are premised on a misperception of the law. *See Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009) (holding that "where the Agency may have declined to exercise its *sua sponte* authority because it misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail, remand to the Agency for reconsideration in view of the correct law is appropriate").

2

Tavarez argues that in *Kucana v. Holder*, 130 S. Ct. 827 (2010), the Supreme Court granted this Court jurisdiction to review the agency's failure to reopen *sua sponte*. This argument is unavailing as the Supreme Court "express[ed] no opinion on whether federal courts may review the Board's decision not to reopen removal proceedings *sua sponte*." *Id.* at 839 n.18. After *Kucana*, this Court has reiterated that it has limited jurisdiction to review the BIA's decisions not to reopen proceedings *sua sponte*. *See Luna v. Holder*, --- F.3d ---, 2011 WL 722607, at *10 (2d Cir. Mar. 3, 2011); *Duarte-Ceri v. Holder*, 630 F.3d 83, 87 (2d Cir. 2010) (refusal to reopen *sua sponte* is "a discretionary decision that is normally not reviewable by the Courts of Appeals"). Accordingly, under the circumstances of this case, we lack jurisdiction to review the BIA's discretionary refusal to reopen Tavarez's proceedings *sua sponte*. *See Mahmood*, 570 F.3d at 469; *Ali*, 448 F.3d at 518.

Even if the Court had jurisdiction, Tavarez cannot demonstrate that the BIA abused its discretion in denying his untimely motion to reopen. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). Tavarez does not challenge the BIA's findings that he (1) missed numerous deadlines to apply for relief under § 212(c) of the

3

Immigration and Nationality Act and, in particular, failed to explain in his September 16, 2009 motion to reopen why he missed the deadline for filing a special motion to apply for § 212(c) relief, *see* 8 C.F.R. § 1003.44(h) (reopening period ended on April 26, 2005); (2) did not raise a colorable ineffective assistance of counsel claim; and (3) did not provide the appropriate application for relief and all supporting documentation. Those arguments therefore may be deemed waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

Tavarez argues that the BIA erred by ignoring his argument that he should no longer be considered an aggravated felon following the Supreme Court's decision in *Lopez v. Gonzales*, 549 U.S. 47 (2006). Tavarez has provided no explanation for the nearly three-year delay in filing his motion to reopen after the *Lopez* decision issued. Nevertheless, assuming, *arguendo*, that Tavarez is no longer an aggravated felon, he has not established that reopening was warranted. Notwithstanding the drug conviction underlying his aggravated felon status, Tavarez remains removable on the basis of a firearms conviction, which would require an Immigration and Nationality Act § 212(c) waiver and adjustment of status. *See Matter of Azurin*, 23 I. & N.

4

Dec. 695, 697 (BIA 2005).  In his motion to reopen Tavarez did not establish his *prima facie* eligibility for adjustment of status.  *See* 8 C.F.R. § 1003.2(c) (providing that a motion to reopen must be accompanied by the appropriate application for relief and all supporting documentation).  Tavarez's argument that reopening is required because his status as an aggravated felon may carry future collateral consequences is unavailing because it is speculative, and he may avoid the longer bar to re-entry that results from his aggravated felon status by applying for a waiver from the Attorney General. *See* 8 U.S.C. § 1182(a)(9)(A)(iii).

For the foregoing reasons, the petition for review is DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5