# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 27, 2014

Lyle W. Cayce
Clerk

No. 14-60003
Summary Calendar

NORMAN RECARLDO MCMASTER, also known as Norman McMaster,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A031 421 701

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Norman Recarldo McMaster, a native and citizen of Antigua and Barbuda, has filed a petition for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal of the denial of his applications for adjustment of status under 8 U.S.C. § 1255 and for waiver of inadmissibility under 8 U.S.C. § 1182(c) and (h). McMaster has a 1983 Texas conviction for theft and a 1988 Texas conviction for burglary of a habitation

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60003

with intent to commit theft.  He was also convicted of misdemeanor assault of a family member in 2004 and 2005.  The Department of Homeland Security (DHS) filed a notice to appear, alleging that McMaster was removable under 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien who has been convicted of an aggravated felony based on his theft and burglary convictions, that he was removable under § 1227(a)(2)(A)(ii), as an alien who has been convicted of two crimes involving moral turpitude, and that he was removable under § 1227(a)(2)(E)(i) as an alien who has been convicted of a crime of domestic violence.

McMaster contends that his burglary and theft convictions do not necessarily constitute aggravated felonies and that, even if they are aggravated felonies, he was eligible for a 8 U.S.C. § 1182(c) waiver of inadmissibility for these convictions.  McMaster argues that he meets all of the requirements for a § 1182(c) waiver because he is a lawful permanent resident, he has maintained continuous residence in the United States for over seven years, and he did not actually serve five years of imprisonment for either his theft or his burglary conviction.  He asserts that the Supreme Court and this court have held that that the repeal of § 1182(c) by Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) should not be applied retroactively to an alien who was convicted of an aggravated felony in a jury trial before the enactment of IIRIRA in 1996.

Additionally, McMaster argues that he is eligible for waiver of inadmissibility under § 1182(h) because he and his wife will suffer extreme hardship if he is removed from the United States.  He maintains that the immigration judge (IJ) erred in not addressing whether he had established extreme hardship under § 1182(h).  McMaster contends that the BIA should have vacated the IJ's decision and remanded for further proceedings to await the adjudication of his I-130 immigrant visa petition filed on his behalf by his

2

wife and to allow him to pursue waivers of inadmissibility under § 1182(c) and (h).

*Adjustment of Status*

McMaster has not shown that the BIA erred in denying his application for adjustment of status. A beneficiary of an approved I-130 petition may apply for adjustment of status. 8 U.S.C. § 1255; 8 C.F.R. § 1245.1. Adjustment of status requires the alien to prove that he is statutorily eligible for adjustment of status; the Attorney General must determine whether to exercise his discretion to grant the adjustment of status. *See Bolvito v. Mukasay*, 527 F.3d 428, 431 & n.4 (5th Cir. 2008). The IJ determined that the case had been continued several times to allow McMaster to apply for adjustment of status. When asked if he sought a further extension of time, McMaster answered negatively. On appeal to the BIA, McMaster argued that the IJ erred in finding that his I-130 petition had been denied and that the petition was still pending. The BIA determined that even if the petition was still pending, McMaster had not met his burden of proof to show that there was a current basis for adjustment of status as he did not establish that he had an approved I-130 immigrant visa petition. Because McMaster did not establish that he had an approved I-130 petition, he has not shown that the BIA erred in determining that he was not eligible for adjustment of status. *See* § 1255(a); § 1245.1(a); *Bolvito*, 527 F.3d at 431 & n.4.

*Waiver of Inadmissibility under § 1182(c)*

McMaster has not shown that the IJ and BIA erred in determining that he was not eligible to obtain a waiver of inadmissibility under former § 1182(c) because he had not shown that he was entitled to adjustment of status. An alien may seek a waiver of inadmissibility under former § 1182(c), in conjunction with an application for adjustment of status, for an offense that

would render him inadmissible under § 1182(a).  *See United States v. Moriel-Luna*, 585 F.3d 1191, 1196-97 (9th Cir. 2009); *In re Azurin*, 23 I. & N. Dec. 695, 697-99 (BIA 2005).  McMaster was eligible for waiver of inadmissibility under former § 1182(c) because he was a lawful permanent resident who had resided in the United States for seven consecutive years and his theft and burglary convictions occurred before November 29, 1990, the date when the five-year incarceration bar took effect under the Immigration Act of 1990.  However, he was also required to file a concurrent application for adjustment of status to obtain a § 1182(c) waiver.  *See Moriel-Luna*, 585 F.3d at 1196-97; *Azurin*, 23 I. & N. Dec. at 697-99.  McMaster did not meet the requirements for obtaining adjustment of status because he did not establish that he had an approved I-130 immigrant visa petition.  *See* § 1255(a); § 1245.1(a); *Bolvito*, 527 F.3d at 431 & n.4.  Therefore, he has not shown that the IJ and BIA erred in denying his application for a waiver of inadmissibility under former § 1182(c) on this basis.  *See Moriel-Luna*, 585 F.3d at 1196-97; *Azurin*, 23 I. & N. Dec. at 697-99.

*Waiver of Inadmissibility under § 1182(h)*

McMaster has not shown that the IJ and BIA erred in denying his application for waiver under § 1182(h).  The BIA determined that because it affirmed the IJ's denial of adjustment of status, it need not consider McMaster's eligibility for the two related waivers of inadmissibility as he could not seek such relief on a stand-alone basis without a concurrent application for adjustment of status.  An alien who has not filed an application for adjustment of status may not file a separate application for waiver of inadmissibility under § 1182(h).  *See Cabral v. Holder*, 632 F.3d 886, 891-92 (5th Cir. 2011); *Matter of Rivas*, 26 I. & N. Dec. 130, 131-32 (BIA 2013), *pet. denied, Rivas v. United States Attorney General*, 765 F.3d 1324 (11th Cir. 2014).  Because McMaster

did not establish that he was eligible for adjustment of status based on an approved   I-130 immigrant visa petition, he was not eligible to apply for a waiver under § 1182(h).  *See Cabral*, 632 F.3d at 891-92; *Matter of Rivas*, 26 I. & N. Dec. at 132-35.

In addition, McMaster asserts that he has filed an N-400 application and is eligible to become a naturalized citizen based on his service in the United States Army from 1979 to 1982.  The IJ correctly determined that he did not have authority to consider this application.  *See In re Hidalgo*, 24 I. & N Dec. 103, 105-07 (BIA 2007); *see also Saba-Bakare v. Chertoff*, 507 F.3d 337, 341 (5th Cir. 2007) (noting that Attorney General has "exclusive authority to naturalize aliens" under 8 U.S.C. § 1421).

For the first time in his reply brief, McMaster argues: (1) the failure of the United States Citizenship and Immigration Services (USCIS) to process his I-130 petition prejudiced him and his wife; (2) the IJ erred in ordering him removed without allowing him to examine the material evidence; (3) his due process rights were violated by the USCIS's delay in processing of his I-130 petition; and (4) the USCIS's affirmative misconduct is sufficient to entitle him to equitable estoppel.  This court lacks jurisdiction to consider arguments that were not exhausted before the BIA.  *See* 8 U.S.C. § 1252(d)(1); *see also Claudio v. Holder*, 601 F.3d 316, 318 (5th Cir. 2010) ("[P]arties must fairly present an issue to the BIA to satisfy § 1252(d)'s exhaustion requirement." (internal quotation marks and citation omitted)).

Because McMaster has not shown that the BIA erred in denying his applications for adjustment of status and waiver of inadmissibility under § 1182(c) and (h), his petition for review is denied.  McMaster's motions for appointment of counsel, to supplement the record, and to "induce clarification" are denied.

No. 14-60003

PETITION DENIED; MOTIONS DENIED.