# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 24, 2021

Lyle W. Cayce
Clerk

No. 20-60283
Summary Calendar

Oluwapamilerin Hamis Inuwa,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A212 946 850

Before Davis, Jones, and Elrod, *Circuit Judges*.

Per Curiam:*

Oluwapamilerin Hamis Inuwa, a native and citizen of Nigeria, petitions for review of a Board of Immigration Appeals (BIA) decision dismissing his appeal from an Immigration Judge (IJ) order denying

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60283

adjustment of status, asylum, withholding of removal, and protection under the Convention Against Torture (CAT).  The petition for review is denied. Inuwa's motion to appoint counsel is denied, *see Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982), and his motion to supplement the record is granted, *see Oloson v. I.N.S.*, No. 94-40434, 1995 WL 153426, at *2 n.4 (5th Cir. Mar. 30, 1995) (unpublished).

Where an alien does not establish that he is the beneficiary of an approved I-130 petition, the BIA does not err by determining that an alien is not eligible for adjustment of status.  *See* 8 U.S.C. § 1225(a); *see also McMaster v. Holder*, 587 F. App'x 826, 828 (5th Cir. 2014).[1]  Inuwa has never submitted a filed or approved I-130 petition.  This portion of the petition for review is denied.

The BIA expressly did not reach the issue of whether Inuwa's conviction constitutes an aggravated felony.  Because this court does not address the opinion of the IJ unless it impacted the BIA's decision, *see Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007), those parts of the IJ's decision that did not influence the BIA are not before this court and need not be considered, *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).  This portion of the petition for review is dismissed.  *See Castillo-Rodriguez v. INS*, 929 F.2d 181, 183 (5th Cir. 1991).

Legal issues that are not briefed are waived on appeal.  *Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008); *see also* Fed. R. App. P. 28(a)(8).  Even construing Inuwa's pro se brief liberally, *see Morrow v. FBI*, 2 F.3d 642, 643 n.2 (5th Cir. 1993), he does not challenge the adverse credibility determination.  Without credible evidence, the BIA had no basis upon which

---

[1] Unpublished opinions issued on or after January 1, 1996, are not precedential but may be persuasive.  *Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006).

No. 20-60283

to grant asylum or withholding of removal. *See Chun v. INS*, 40 F.3d 76, 79 (5th Cir. 1994). Because the same lack of evidence means that Inuwa cannot show he will be tortured, he is not entitled to relief under the CAT. *See Dayo v. Holder*, 687 F.3d 653, 658-59 (5th Cir. 2012). This portion of the petition for review is denied. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005); *see also Revencu v. Sessions*, 895 F.3d 396, 401 (5th Cir. 2018).

Inuwa also maintains that the BIA improperly denied his motion to remand. Most of the new evidence submitted on appeal is either irrelevant to Inuwa's claims or predates the September 27, 2019 merits hearing. Although the affidavits Inuwa attached on appeal attested to events that took place before the merits hearing, they were not completed until almost two months afterwards. The BIA did not abuse its discretion by denying the motion to remand, and this portion of the petition for review is denied. *See Milat v. Holder*, 755 F.3d 354, 365 (5th Cir. 2014).

Lastly, throughout his brief, Inuwa argues that he was denied due process of law. An order of removal will be reversed on due process grounds if an applicant establishes that his deportation proceedings were fundamentally unfair such that he was "denied the opportunity to be heard or present evidence." *Toscano-Gil v. Trominski*, 210 F.3d 470, 474 (5th Cir. 2000). Many of Inuwa's due process arguments relate to his request for a bond redetermination. This court does not have jurisdiction over Inuwa's bond proceedings. *Ajayi v. Caplinger*, No. 93-5096, 1994 WL 93417, at *2 (5th Cir. Mar. 15, 1994) (unpublished). The record does not reflect that the proceedings were fundamentally unfair. This portion of the petition for review is denied. *Toscano-Gil*, 210 F.3d at 474.

The petition for review is DENIED IN PART and DISMISSED IN PART. Inuwa's motion to appoint counsel is DENIED. His motion to supplement the record is GRANTED.